**EAST RIVER CONSTRUCTION CORPORATION, a Maryland Corporation, Plaintiff,**

v.

**DISTRICT OF COLUMBIA, a Municipal Corporation, Defendant.**

**Civ. A. No. 173-60.**

United States District Court
District of Columbia.
May 3, 1960.

Friedlander & Friedlander, Mark P. Friedlander, Washington, D. C., for plaintiff.

Chester H. Gray, Corp. Counsel, Julian R. Dugas, Asst. Corp. Counsel, Washington, D. C., for defendant.

YOUNGDAHL, District Judge.

This case is before the Court on the defendant's motion to dismiss the complaint, or alternatively, to grant summary judgment.

Plaintiff's verified complaint sets forth three counts for damages resulting from an alleged breach of contract between the plaintiff and defendant for the installation by the plaintiff of a storm-water sewer at 44th Street, N. E., between Benning Road and Washington Place, in the District of Columbia.

Count one alleges that the plaintiff commenced work on May 18, 1959 and the contract provided for completion of work within forty-five calendar days at the risk of liquidated damages. Construction was completed on September 17, 1959, and plaintiff alleges that liquidated damages of thirty-five dollars a day for thirty-two calendar days,[1] totalling $1,120, was wrongfully deducted as the delay was occasioned by "the capricious, arbitrary and unwarranted interference" of the defendant.

Article 9 of the contract states that the contractor (the plaintiff) shall be charged with liquidated damages for failing to complete the work within the specified time, and then goes on to provide:

"* * * the right of the contractor to proceed shall not be terminated or the contractor charged with liquidated damages because of any delays in the completion of the work due to * * * acts of the District * * * if the contractor shall within ten (10) days from the beginning of any such delay (unless the contracting officer shall grant a further period of time prior to the date of final settlement of the contract) notify the contracting officer in writing of the causes of deday * * *"

This requirement of written notice is a condition precedent to recovery; it not having been alleged, the count is defective and must be dismissed. Progressive Builders, Inc. v. District of Columbia, 1958, 103 U.S.App.D.C. 337, 258 F.2d 431, certiorari denied 1958, 358 U.S. 881, 79 S.Ct. 122, 3 L.Ed.2d 111. Under Federal Rule of Civil Procedure 9(c), 28 U.S.C.A., it is sufficient "to aver generally that all conditions precedent have been performed or have oc-

1. Special Condition No. 5 set the liquidated damages at thirty-five dollars per day.

Work was suspended on July 30, 1959 by the defendant. The plaintiff was later ordered to resume work on September 16, 1959. It would therefore appear that there was a thirty-day delay and not one of thirty-two days. This was not raised by the plaintiff and since the Court is not familiar with the customs and usage in this business it readily admits that its surmise may be in error. In any event, because of the disposition made, it can make no difference.

curred." If the facts permit, plaintiff, within ten days, may amend count one and allege satisfaction of the condition precedent.

■ With regard to the second and third counts, there is no allegation that the plaintiff complied with the requirements of the contract setting forth the administrative procedure to follow in the event of a claim for adjustment or a dispute. Plaintiff has argued in the brief submitted to the Court in opposition to the defendant's motion that the lower court opinion in the Progressive Builders case,[2] as discussed in the Court of Appeals, shows that counts two and three state "a clear cause of action". The Court of Appeals' opinion is then quoted by counsel as follows:

> "We agree with the trial court that Progressive was entitled to be paid under the terms of the contract. —[103 U.S.App.D.C. at] page 341 [258 F.2d at page 435]."

Actually, the Court of Appeals said:

> "We agree with the trial court that Progressive was entitled to be paid *for this concrete* under the terms of the contract." (Italics supplied.)

The omitted words are highly significant since it is only with reference to Progressive's third cause of action—the one involving "this concrete"—that the trial court held, and the Court of Appeals agreed, a legally cognizable claim had been stated. With regard to Progressive's second cause of action, the Court of Appeals agreed with the trial court that "a contractor who has not exhausted his administrative remedies is barred by United States v. Blair [1944, 321 U.S. 730, 64 S.Ct. 820, 88 L.Ed. 1039] from pursuing his cause of action at law.[3]" Progressive had alleged exhaustion of administrative remedies in its third cause of action but had not in its second cause of action.[4] Thus, only the second cause of action was barred. In the instant case there is *no* allegation of exhaustion of the administrative remedies expressly set forth in the contract and accordingly *both* counts are defective.

The defendant's motion to dismiss is granted.

An order accompanies this memorandum.

---

2. Civil Action 3159–54, apparently unreported in the Federal Supplement.

3. 103 U.S.App.D.C. at page 340; 258 F.2d at page 434.

4. See Judge McLaughlin's pretrial order of May 9, 1956.