**Gordon A. BETHEA and Mary E. Bethea, Appellants,**

v.

**INVESTORS LOAN CORPORATION, Appellee.**

**No. 3375.**

District of Columbia Court of Appeals.

Submitted Jan. 14, 1964.

Decided Feb. 18, 1964.

---

Herman J. D. Carter, Washington, D. C., for appellants.

S. David Rubenstein and Bernard D. Lipton, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges

QUINN, Associate Judge.

This was a suit by appellee for the balance due on a conditional sales contract signed by appellants and Standard Food Service. Appellee introduced testimony to show it had purchased the contract for value and that the payments were in default. Appellants admitted the default but contended that the contract, for the purchase of a food freezer, was inseparable from another contract whereby Standard Food Service agreed to supply food at discount prices. Testimony was introduced to show that the food supply lasted only four months and that thereafter Standard Food Service became bankrupt. Appellants contended that the breach of the food agreement constituted a breach of the freezer contract thereby relieving them of further liability. The trial court, however, found that there were two contracts, that the food contract was for four months and was fulfilled, and that the payments on the freezer contract were in default. Accordingly, it entered judgment for appellee and this appeal followed.

In Holiday Homes v. Briley, D.C. Mun.App., 122 A.2d 229, 232 (1956), we stated:

"Whether a number of promises constitute one contract or more than one is primarily a question of intention of the parties. In ascertaining this intention, consideration may be given to whether the parties assented to all the promises as a single whole, and to whether the consideration was given for each part as a separate unit or whether there was a single consideration covering the various parts. * * *"

Williston has said that the essential test is "whether the parties assented to all the promises as a single whole, so that there would have been no bargain whatever, if any promise or set of promises were struck out." 3 Williston on Contracts § 863 (rev. ed. 1936). While the divisibility of the subject matter and the apportionment of the consideration are both items to be considered in determining whether a contract is entire or severable, they are not conclusive. Waddell v. White, 51 Ariz. 526, 78 P.2d 490, 496 (1938).

Here the uncontroverted testimony showed that appellants intended to purchase the freezer only as part of the food discount plan. Their purpose was to obtain the food as they already owned both a freezer and a refrigerator. A certificate signed by Standard Food's salesman, and relied upon by appellants, stated that appellants would receive numerous food buying privileges by becoming members of the plan. Among these were the following:

"Food is financed on a three or four-month basis and can be renewed on the same basis for each subsequent food re-order, in three or four equal monthly payments.

\* \* \* \* \* \*

"Your free membership offers you the privilege of purchasing foods at our quantity discount prices for as many years as you wish. You may resume purchases after a prolonged absence. Also, after your freezer is completely paid for."

We think the above evidence clearly shows that appellants would not have assented to the freezer agreement without the corresponding privileges which the food plan offered. We hold, therefore, that the food and freezer contracts were inseparable, and that Standard Food's failure to supply food beyond the initial four-month period constituted a breach of the agreement. We find that the relationship between appellee and Standard Food Serv-

ice was such as to charge appellee with notice of the agreement. Westfield Investment Co. v. Fellers, 74 N.J.Super. 575, 181 A.2d 809 (1962).

Our disposition makes it unnecessary to consider appellants' contention that the finance charge of $246.52 on a sales price of $699 was usurious. Compare Beatty v. Franklin Investment Company, 115 U.S. App.D.C. 311, 319 F.2d 712 (1963).

Reversed with instructions to enter judgment for appellants.