**ROYAL McBEE CORPORATION, Appellant,**

v.

**Andrew BRYANT and David R. Byrd, General Partners, t/a Byrd and Bryant, Appellees.**

**No. 3795.**

District of Columbia Court of Appeals.

Argued Dec. 20, 1965.

Decided March 14, 1966.

---

Ronald P. Seres, Washington, D. C., with whom S. David Rubenstein, Washington, D. C., was on the brief, for appellant.

Dorsey Evans, Washington, D. C., for appellees.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge.

The parties to this appeal entered into an equipment lease agreement in June 1962. Under the contract, appellee [1] agreed to lease a typewriter from appellant for a three-year term and to pay the rental fees in twelve installments due in advance at the beginning of each quarter. The contract provided that the equipment was leased subject to certain terms and conditions, among which were the following:

"TERMS AND CONDITIONS

\*　\*　\*　\*　\*　\*

"8. MAINTENANCE SERVICE: The Lessor shall render regular maintenance service to the equipment during Lessor's normal working hours and keep such equipment in good working order providing a specific charge is made therefor \* \* \*.

"9. DEFAULT: Upon default by Lessee in any term or covenant

herein, on the part of the Lessee to be performed, Lessor may, at its option, cancel and terminate this lease and repossess the equipment \* \* \*. Upon such default and termination the total payments contracted for hereunder shall immediately become due and payable \* \* \*."

Pursuant to the provisions of Paragraph 8, a separate maintenance charge was added to the quarterly rental payments. The lease further provided that appellee had the option of obtaining one-year renewal leases, at significantly lower rates, upon the expiration of the principal lease, and it stated that "each new lease shall be subject to terms and conditions identical with those of this lease except that maintenance will not be a part of this agreement but may be covered in a separate agreement."

Appellee paid seven of the twelve installments and then refused to pay any more. Appellant brought this suit to recover the balance of the contract price and appellee answered the complaint denying everything except the making of the contract. At the trial before the court appellee testified that he stopped paying rent for the typewriter because it never worked properly and was constantly in a state of disrepair. He claimed that he made numerous calls to appellant about the condition of the machine, but that even after repairs were made it failed to operate properly. Appellant objected to this testimony on the ground that it constituted an affirmative defense which had to be specially pleaded before it could be considered by the court.[2] The court overruled the objection and after all the evidence had been presented it made a finding for appellee, stating that "the machine was constantly in a state of disrepair from

---

1. Although there are two appellees, the contract was signed by only one of them and the statement of proceedings and evidence speaks of a single defendant. We shall do likewise.

2. Gen.Sess.Civ.Rule 8(c).

the beginning of the contract and that [appellant's] repairmen were unable to keep the machine in a state of repair." After its motion for a new trial was denied, appellant filed this appeal.

■ A careful reading of the contract[3] leads us to conclude that appellee's promise to pay the quarterly installments was dependent on appellant's promise to provide him with a typewriter which would be kept in "good working order." The failure of appellant to perform its part of the agreement thus excused appellee from his obligation to pay future installments.[4] But, as appellant's counsel correctly pointed out at trial, the defense of failure of consideration must be affirmatively pleaded in the answer or it will be deemed to have been waived.[5] Although the harshness of this rule has been alleviated somewhat by decisions which have allowed affirmative defenses to be proved at trial even where they were not specially pleaded,[6] it does not appear that this case fits into any of the exceptions. Appellant's counsel objected vigorously to the introduction of any testimony pertaining to the state of repair of the typewriter and he repeated his position in his closing argument and in his motion for a new trial. No consent to try the issue can be imputed to appellant. Nor can it be said that it was prepared to meet appellee's defense and was not surprised by it.

■ However, the performance of appellant's promise was more than just the consideration for the performance of appellee's promise. It was also a constructive condition precedent to appellee's duty to pay subsequent quarterly installments. Before appellee was obligated to pay rent, appellant was required to put the typewriter in good working order.[7] Looking at appellant's failure to maintain the typewriter as the nonperformance of a condition rather than as failure of consideration results in a distinction which was explained in the Restatement of Contracts § 274, *Comment e,* as follows:

"In many cases the rules by which promises are interpreted or treated as either expressly or constructively conditional would require the same decision as that resulting from the rule of the present Section [Failure of Consideration as a Discharge of Duty]. They differ, however, as follows: A decision based upon the former rules may go no further than that the defendant's duty of immediate performance *has never arisen* and he has committed no breach; whereas, a decision for the defendant under the rule of the present Section establishes his *complete discharge,* with the result that no breach is possible in the future and no later action can be maintained against him." (Emphasis added.)

3. 6 Williston on Contracts §§ 813, 825 (3d ed. Jaeger 1962). Cf. K & G Construction Company v. Harris, 223 Md. 305, 164 A.2d 451 (1960).

4. Restatement, Contracts § 274 (1932); Williston, supra, n. 3, § 814.

5. Gen.Sess.Civ.Rule 8(c) and Gen.Sess.Civ. Rule 12(h) which provides: "A party waives all defenses and objections which he does not present either by motion in his answer or reply, except (1) that the defense of failure to state a claim upon which relief can be granted * * * may also be made by a later pleading, if one is permitted, or by motion for judgment on the pleadings or at the trial on the merits * * *." See Bryant v. Astarbi, D.C. Mun.App., 78 A.2d 674 (1951).

6. United States v. Cunningham, 75 U.S. App.D.C. 95, 125 F.2d 28 (1941); Barlow v. Cornwell, D.C.Mun.App., 125 A.2d 63 (1956); Wright v. McCann, D.C.Mun. App., 122 A.2d 334 (1956).

7. Restatement, Contracts, § 250(a); Brier v. Orenberg, D.C.Mun.App., 90 A.2d 832 (1952); Creighton v. Brown, D.C.Mun. App., 77 A.2d 559 (1950).

■ Since a promisor's duty under a contract does not arise until any conditions precedent have occurred or been performed, it is incumbent on the promisee, in order to state a claim upon which relief can be granted, to allege in his complaint that all conditions have been fulfilled.[8] If he fails to do so, the complaint is defective and the promisor may present evidence at trial of the nonoccurrence of the conditions since the defense of failure to state a claim upon which relief can be granted may be shown at any time.[9] Although under Civil Rule 9(c) the promisor must deny with specificity any allegations of the fulfillment of conditions, there is no such requirement if the promisee fails to make such averments, for there would then be nothing for him to deny.[10] The trial court thus did not err in permitting appellee to testify about the nonperformance of the condition precedent to his obligation to pay.

Appellant suggests that we might find that the leasing agreement was severable into two contracts—one for rent and one for maintenance. Thus, it is contended, appellant's failure to repair should not excuse appellee from his obligation to pay the rental portion of the installments. In the case of Bethea v. Investors Loan Corporation, D.C.App., 197 A.2d 448, 450 (1964), where we held that two distinct contracts, one for the purchase of a food freezer and one for the purchase of food

at discount rates, were inseparable, we stated that:

"* * * the essential test is 'whether the parties assented to all the promises as a single whole, so that there would have been no bargain whatever, if any promise or set of promises were struck out.' 3 Williston on Contracts § 863 (rev. ed. 1936). While the divisibility of the subject matter and the apportionment of the consideration are both items to be considered in determining whether a contract is entire or severable, they are not conclusive."

■ It seems clear from the terms of the contract that the maintenance provision was intended by the parties to be an essential part of the leasing arrangement. Paragraph 9 of the "Terms and Conditions" would have allowed appellant to recover the *entire* balance due, not just the maintenance fees, if appellee had failed to pay that portion. And the renewal clause expressly provides that in future leases, unlike the principal lease, maintence will have to be separately covered. Certainly both parties had an interest in seeing that the typewriter was maintained by appellant—appellant in making sure that its machine was kept in good condition and repaired properly and appellee in protecting himself from any liability which might result from the negligent work of outside repairmen. We thus hold that the contract was entire and that appellant's failure to repair excused ap-

8. Gen.Sess.Civ.Rule 9(c) provides: "In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred. A denial of performance or occurrence shall be made specifically and with particularity." See 1A Barron and Holtzoff, Federal Practice and Procedure § 304 (1960); East River Construction Corp. v. District of Columbia, 183 F.Supp. 684 (D.C.1960); Holley Coal Co. v. Globe Indemnity Co., 186 F.2d 291 (4th Cir.

1950); McAllister v. City of Riesel, Tex., 146 F.2d 130 (5th Cir. 1944), cert. den. 325 U.S. 860, 65 S.Ct. 1195, 89 L.Ed. 1981 (1945); Baker v. Union Tank Car Company, 140 So.2d 397 (La.Cir.Ct.App.1962).

9. Gen.Sess.Civ.Rule 12(h). Cf. Inman v. Clyde Hall Drilling Company, 369 P.2d 498 (Alaska 1962).

10. See 1A Barron and Holtzoff, Federal Practice and Procedure § 279 at 156 (1960).

pellee from his duty to perform any of his obligations under the contract.

■ The burden was on appellant to prove that the condition had been performed once appellee had come forward with some testimony that the typewriter did not work properly. It failed to present any evidence on the subject except the statement that some maintenance calls had been made. Accordingly, any errors concerning the weight and admissibility of portions of appellee's testimony were nonprejudicial.

Affirmed.