23830.   MORGAN et al. v. IVEY, Executrix, et al.

CANDLER, Presiding Justice. G. A. Ivey, a resident of Monroe County, executed a will on January 7, 1949, and died on August 29, 1962, while a resident of that county. He bequeathed all of his property to his wife Mrs. Myrtis Ivey

for life with remainder to his two minor children, Dewitt Ivey and Hazel Ivey. He named his wife executrix of his will. She offered his will for probate in solemn form on September 28, 1965. Mrs. Alpha Ivey Morgan and 10 others (10 as the children of G. A. Ivey and one as the widow of a deceased son) filed a caveat and objected to probate of the will on the grounds of undue influence and testator's lack of mental capacity to make a valid will. On the hearing before the Ordinary of Monroe County, and after the parties had introduced evidence in support of and against the will, the ordinary sustained the validity of the will and ordered it recorded as having been proven in solemn form. The caveators timely appealed the probate proceedings to the Superior Court of Monroe County. On the trial in that court the jury found in favor of the propounder and a judgment was accordingly entered. The caveators filed a motion for new trial on the usual general grounds and later amended it by adding other grounds. Their amended motion was overruled and from that judgment they appealed to this court.

In the enumeration of errors which the appellants filed in this court, it is stated that the three issues involved are: (1) Whether the testator was sane at the time he executed his will, (2) Whether he was at the time of executing his will of sound and disposing mind and memory, and (3) Whether the will was testator's or the will of the propounder. The appellee in her brief makes the same assertion. Our consideration of the case will therefore be confined solely to a decision of these questions. *Held:*

1. The test of mental capacity to make a will is whether the testator had such mental capacity at the time the will was actually executed to have a decided and rational desire as to the disposition of his property. *Bailey v. Bailey*, 204 Ga. 556, 558 (50 SE2d 617). All of the subscribing witnesses to the testator's will were produced and testified on the trial of this case in the Superior Court of Monroe County. Each testified that the testator at the time of the execution of his will had sufficient mental capacity to make a valid will. Other witnesses for the propounder testified that the testator was actively engaged in business at the time of and for several years subsequent to the execution of his will and that he transacted his business affairs in an efficient and careful manner. Hence, the jury was authorized to find from the

evidence that testator had sufficient mental capacity to make a valid will—a will he executed 13 years prior to his death, when he was about 64 years of age.

2. A person may by will make any disposition of his property not inconsistent with the laws or contrary to the policy of the State. *Code* § 113-106. It is provided by *Code* § 113-208: "The very nature of a will requires that it should be freely and voluntarily executed; hence, anything which destroys this freedom of volition invalidates a will; such as fraudulent practices upon testator's fears, affections, or sympathies, duress or any undue influence, whereby the will of another is substituted for the wishes of the testator." And it must be shown that the undue influence was operative on the mind of the testator at the time the will was actually executed and published. *Cook v. Washington*, 166 Ga. 329 (143 SE 409). In *Bohler v. Hicks*, 120 Ga. 800 (5) (48 SE 306), it was said: "Undue influence which operates to invalidate a will is such influence as amounts either to deception or to force and coercion, destroying free agency." In this connection it has been held: "Honest persuasion to make a will of a certain kind, though constant and importunate and though accompanied by tears and entreaties, does not constitute undue influence, in the absence of fraud or duress . . . provided the testator is in a mental condition to make a choice between following his original intention or of yielding his view in favor of the wishes of the other person." *Boland v. Aycock*, 191 Ga. 327 (2) (12 SE2d 319). See also *Ward v. Morris*, 153 Ga. 421 (112 SE 719). Furthermore, "A person standing in confidential relation to another is not prohibited from exercising any influence whatever to obtain a benefit to himself. The influence must be what the law regards as undue influence. Such influence that is obtained by flattery, importunity, superiority of will, mind, or character, which would give dominion over the will to such an extent as to destroy free agency, or constrain one to do against his will what he is unable to refuse. Such is the kind of influence which the law condemns as undue." *DeNieff v. Howell*, 138 Ga. 248 (6) (75 SE 202). As was said also in *DeNieff's* case: "There can be no fatally undue influence without a person incapable of protecting himself as well as a wrong-doer to be resisted." Evidence which does no more than show opportunities for exercising influence, as here, falls short of showing the exercise

of undue influence required to invalidate a will. *Orr v. Blalock,* 195 Ga. 863, 866 (25 SE2d 668) ; *Brumbelow v. Hopkins,* 197 Ga. 247, 251 (29 SE2d 42). The beneficiaries of this will are the testator's second wife and their two children who were minors when it was executed in 1949. Testator's will made no provision for his eleven children by his first wife. The evidence introduced on the trial shows that there had been an estrangement between the eleven children of the testator and his second wife since the date of his marriage to her in 1937 but there is no evidence in the record showing or tending to show that the testator's will resulted from any undue influence exercised over him by his second wife. Hence, the jury was authorized to find, as it did, against caveators' allegation of undue influence.

*Judgment affirmed. All the Justices concur.*

NOTE: The opinion in this case was prepared by Presiding Justice T. S. Candler before his retirement on December 31, 1966, and is presented to the court by Justice Undercofler with a recommendation that it be adopted.

SUBMITTED DECEMBER 13, 1966—DECIDED JANUARY 5, 1967.

*Kennedy & Kennedy, Harvey J. Kennedy, W. Buford Mitchell,* for appellants.

*Phillip Benson Ham, Ham & Hampton, Harold G. Clarke,* for appellees.