45470.   CONSOLIDATED PECAN SALES COMPANY v.
SAVANNAH BANK & TRUST COMPANY et al.

PANNELL, Judge. Savannah Bank & Trust Company of Savannah and the Florida National Bank of Jacksonville brought an action against Consolidated Pecan Sales Company and two officers of the company as individuals, alleging that the corporation was indebted to the two banks and alleging that certain securities such as accounts receivable, warehouse receipts, etc., were either non-existent or fraudulent, and alleging all the defendants to be insolvent, prayed for the appointment of a temporary receiver and for an injunction against any further dissipation or disposition of the assets of the defendants. After payments by the individual defendants to the two petitioning banks subsequent to the bringing of the action, the individual defendants were stricken as parties.

Paragraphs 6 and 7 of the complaint alleged an indebtedness to the respective complainants as follows: "6. Consolidated Pecan Sales Company is indebted to the Florida National Bank of Jacksonville in the sum of $253,854.78. Said loan is secured as follows: $21,250 by cash surrender value on insurance policies; $60,154.15 by trust receipts which replaced warehouse receipts; $86,372.43 by warehouse receipts; $23,000 open loans; and,

$63,078.20 by trade acceptances. All of said loan is further secured by a security deed by 110 West Street Building, Inc., of which the individual defendants executed the same as officers jointly to Savannah Bank & Trust Company of Savannah, Florida National Bank of Jacksonville and Citizens & Southern Bank of Albany. The entire loan is further guaranteed by the individual defendants named herein. 7. The defendants are indebted to Savannah Bank & Trust Company of Savannah in the total sum of $158,230.13. Said indebtedness being represented by an open account indebtedness of $17,500; assignment as security of accounts receivable in the sum of $96,160.29; warehouse receipts in the sum of $81,319.84. All of the above indebtedness amounting to $194,980.03, to which the Savannah Bank & Trust Company of Savannah has applied a credit of $36,750 of moneys on deposit in said bank, leaving a net due of $158,230.13. The entire loan is further guaranteed by the individual defendants named herein." The answer filed by the appellant to these respective allegations of indebtedness was as follows: "3. For want of sufficient information your defendant can neither admit nor deny the allegations of paragraph 6 as pleaded, except to say that said corporation is indebted to the Florida National Bank of Jacksonville in some amount. Your defendant calls for strict proof of each and every allegation of said paragraph in said petition. 4. Your defendant, in answer to the allegations of paragraph 7, admits that it is indebted to the Savannah Bank & Trust Company of Savannah in some amount, the exact sum your defendant is not able to determine at this time." Appeal was made from the judgments overruling the corporate defendant's motion for summary judgment and the overruling of the corporate defendant's general demurrer to the petition, and error was enumerated thereon, as well as enumerations of error on the grant of the respective summary judgments in favor of the banks on the indebtednesses. *Held:*

1. (a) A motion was made by the two banks to dismiss the appeal on the ground that the cost in the court below had not been paid prior to the transmission of the record to this court on the authority of *Howard v. Mitcham,* 224 Ga. 288 (161 SE2d 291), construing the Act of 1963 (Ga. L. 1963, p. 368; *Code Ann.*

§ 24-2729). The above case was overruled by the Supreme Court on May 19, 1970, in *J. D. Jewell, Inc. v. Hancock,* 226 Ga. 480 (175 SE2d 847). Accordingly, the motion to dismiss on that ground must be denied.

(b) The notice of appeal was "from the orders listed below: 1. Motion for summary judgment filed by the Florida National Bank granted and filed on March 3, 1970. 2. Motion for summary judgment filed by the Savannah Bank & Trust Company of Savannah granted and filed on April 20, 1970. 3. Order denying the motion of summary judgment filed by the Consolidated Pecan Sales Company on April 29, 1970. 4. Order overruling the general demurrers of the Consolidated Pecan Sales Company signed April 29, 1970." A motion to dismiss by the Florida National Bank was made on the ground that the appeal was too late, as an appeal from the order granting the summary judgment in favor of the movant which was entered March 3, 1970. Whether or not the notice of appeal was sufficient to constitute an appeal from this order, and, if it did constitute a valid appeal from this order, whether it was too late, it is not necessary to decide, as there is an appeal from the orders listed in 3 and 4 which the trial judge certified for review. These orders were entered on April 29, 1970, and the notice of appeal was filed April 30, 1970. Since either of these judgments, with the certificate of review, is sufficient to support the appeal, the motion to dismiss by the Florida National Bank is overruled.

2. A motion to dismiss the petition on the ground no order has been taken therein for a period of five years (Ga. L. 1953, Nov. Sess., p. 342; *Code Ann.* § 3-512) appears on page 86, a certificate of service of the motion appears on page 87, and the order overruling the motion appears on page 88 of the record and is dated September 2, 1969. The enumeration of error is as follows: "The court erred in its order and judgment of September 2, 1969, in overruling appellant's motion to dismiss appellee's petition as to the suit on the indebtedness (R-87)." Assuming that the page description, together with the date, is sufficient to designate the motion and order as to make the enumeration of error sufficient, there appears to be another motion to dismiss

the petition "as it pertains to the suit on indebtedness" on the same ground with an order overruling the same dated September 19, 1969, to which no exception is taken. This later order, unexcepted to, is the law of the case and controls any ruling by this court on the order excepted to in so far as the complaint sought recovery on the indebtedness alleged, and there being no argument here that the petition should be dismissed as to any other relief sought, the trial judge will be affirmed in his action overruling the motion to dismiss.

3. The complaint was sufficient as against the general demurrer of the appellant corporation and there was no error in overruling the same.

4. The answer as shown above in the statement of facts was filed prior to the effective date of the Civil Practice Act. The question then arises as to whether this answer was sufficient to constitute a denial of the allegations of the petition and if so whether the law prior to the Civil Practice Act applies or the law thereafter. As we view the case, it is immaterial which law is applicable, as in either instance the answer is insufficient to constitute a denial, but on the contrary, under the law, constitutes an admission of the allegations of the complaint as to the indebtedness of the appellant. Let us first examine the answer under the law as it existed prior to the Civil Practice Act. Code § 81-103 provides: "Any averment distinctly and plainly made therein [the complaint], which is not denied by the defendant's answer, shall be taken as prima facie true, unless the defendant shall state in his answer that he can neither admit nor deny such averment because of the want of sufficient information." Code § 81-308 provides: "Where facts are charged to be within the knowledge of a party, or where from all the circumstances such knowledge is necessarily presumed, and he fails to answer altogether, or makes an evasive answer, the charge is to be taken as true." In Ten-Fifty Ponce de Leon Co. v. C. & S. Nat. Bank, 170 Ga. 642 (2) (153 SE 751), as to an answer of the defendant as against an allegation of indebtedness, it was held that the answer "'for want of sufficient information, he can neither admit nor deny the allegation,' and such allegation is necessarily within the knowledge of the defen-

dant, such answer is an admission of the fact alleged." See also the discussion on pages 647 and 648 of that opinion. It appears that prior to the Civil Practice Act these answers were not sufficient to constitute a denial of the allegations of the petition.

Now, what are the requirements under the Civil Practice Act? Paragraph (b) of Section 8 of the Civil Practice Act (*Code Ann.* § 81A-108 (b)) provides: "A party shall state in short and plain terms his defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies. If he is without knowledge or information sufficient to form a belief as to the truth of an averment, he shall so state and this has the effect of a denial." Paragraph (d) of that section provides: "Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading." The chief differences between the Code sections (which do not now apply to courts of record) and the Civil Practice Act (which applies to courts of record) is that formerly a denial for the lack of sufficient information the defendant could neither admit nor deny, where the matter was not peculiarly within the knowledge of the defendant was a sufficient denial (*Byrom v. Ringe,* 83 Ga. App. 234, 239 (63 SE2d 235)), whereas under the Civil Practice Act, in order to take advantage of lack of information and knowledge, the defendant must allege that ·he is without knowledge or information *sufficient to form a belief* as to the truth of an averment. That he may not have sufficient information to permit him to make an express denial or an express admission is no longer the requirement. He must now allege that he lacks knowledge or information sufficient for him to *form a belief* as to the truth of an averment rather than be absolutely certain thereof. See Nieman v. Bethlehem National Bank, 32 FSupp. 436 (2 FR Serv. 8b. 15, case 1), in which the court noted as to certain facts alleged in the complaint and the defendant's answer thereto: "As to these facts, the defendant has apparently been rather careful not to draw his denials exactly in accordance with the requirements of Rule 8(b). . . That rule provides that if the pleader is 'without knowledge or

information sufficient to form a belief as to the truth of an averment,' he shall so state and this has the effect of a denial. The denials in the answer now before the court simply aver that the defendant has no knowledge *and therefore deny the averment,* and if material, demand proof." (Emphasis supplied.) The court held this was not a substantial compliance with Federal Rule 8 (b) and did not constitute a denial.

However, even if we should assume that these answers are sufficient to constitute a denial, the affidavits and materials presented on the motions for summary judgment by the respective banks were sufficient to show that the sums were borrowed and were deposited in the bank account of the defendant appellant. This evidence was uncontradicted. The indebtedness of both banks was represented by notes and certain described securities. Photostatic copies of the notes held by the Florida National Bank of Jacksonville were introduced in evidence signed in the name of the corporation by two individuals as vice presidents. There was no pleading or evidence on the part of the defendant appellant that the officers were not authorized to execute the notes and borrow the money. Evidence that at a particular meeting on a particular date the two officers signing the notes were elected president and vice president respectively and at that meeting they were not authorized to borrow money was not sufficient to overcome the proof offered. The Savannah Bank & Trust Company offered similar proof, except it did not offer photostatic copies of the notes, but merely described them, but the proof of this bank did show that the moneys were borrowed and were deposited to the bank account of the defendant appellant. Both banks also offered evidence as to the payments made on the indebtedness. The defendant appellant offered no evidence to disprove this nor did it offer any evidence to show that additional payments had been made. Under these circumstances, there was no error in granting the summary judgment for the respective banks on the indebtedness proven.

Whether or not the payments made may have effected the release of certain securities which might be available to other creditors does not alter this result nor is any question relating thereto presented by the enumerations of error made on this appeal.

There was no error in sustaining the respective motions of the two banks for summary judgment on the indebtedness, and in denying the appellant's motion therefor.

*Judgment affirmed. Jordan, P. J., and Eberhardt, J., concur.*

ARGUED JULY 8, 1970—DECIDED SEPTEMBER 8, 1970—REHEARING DENIED SEPTEMBER 29, 1970—

*Smith, Gardner, Wiggins, Geer & Brimberry, Jerry W. Brimberry,* for appellant.

*Perry, Walters, Langstaff, Lippitt & Campbell, Jesse W. Walters, Divine, Busbee & Wilkin, George D. Busbee,* for appellees.

*P, Walter Jones, Burt & Burt, Donald D. Rentz,* amicus curiae.