## 33127. BLOODWORTH et al. v. BLOODWORTH.

UNDERCOFLER, Presiding Justice.

Marie C. McPhearson Bloodworth filed her petition to probate her husband Doctor Hubert Torrey Bloodworth's will in the Probate Court of Bibb County. He wrote the will a month after he remarried on November 11, 1976, and died the following May. His children by a previous marriage[1] filed a caveat alleging undue influence, which she moved to strike on the ground that the allegations were not set out with the particularity required under Code Ann. § 81A-109 (b). The probate court granted the motion, and admitted the will to probate. The caveators appealed to the superior court, where a similar motion was granted after the caveators amended their claim. They appeal and we affirm.

Code Ann. § 81A-109 (b) requires that, "In all averments of fraud, or mistake, the circumstance constituting fraud or mistake shall be stated with particularity." Marie C. McPhearson Bloodworth moved to dismiss the caveat for failing to so plead. The caveators

---

[1] Laura and Susan Bloodworth are aged 20 and 19, while Mrs. Ruth Bloodworth, Dr. Bloodworth's first wife, was appointed guardian ad litem for their two minor children, Paula and Alan, ages 17 and 13.

claimed that under the CPA, notice pleading is sufficient. Citing *Cochran v. McCollum,* 233 Ga. 104 (210 SE2d 13) (1974), they urge that Marie C. McPhearson Bloodworth's motion should have been treated as a motion for more definite statement. Here, however, after the motion was sustained in the probate court, the caveators amended[2] their complaint to allege more particularly the undue influence involved. A second motion to dismiss was sustained thereafter by the trial court, and it is this order we now review.

The amended caveat alleged two grounds of undue influence: (1) that Marie C. McPhearson Bloodworth exerted undue influence because she had been left out of her previous husband's will and feared similar problems since the doctor had been previously married and divorced, and (2) that the doctor had undergone a personality change due to the excessive use of alcohol and had unreasonably excluded his minor children under Code Ann. § 113-106. We find no merit as a matter of law to either argument and hold that the caveat was properly dismissed.

As to the alleged fears of Marie C. McPhearson Bloodworth, we have said in *Morgan v. Ivey,* 222 Ga. 850, 852 (152 SE2d 833) (1967), quoting *Boland v. Aycock,* 191 Ga. 327 (2) (12 SE2d 319) (1940): "Honest persuasion to make a will of a certain kind, though constant and importunate and though accompanied by tears and entreaties, does not constitute undue influence, in the absence of fraud or duress . . . provided the testator is in a mental condition to make a choice between following his original intention or of yielding his view in favor of the wishes of the other person." The caveators here alleged no such fraud or duress or facts showing any lack of ability in the doctor to exercise his free will.

The caveators argue that the will is invalid because it unreasonably excludes the doctor's two minor children. Code Ann. § 113-106. A reading of the will reveals that the

---

[2] The caveat may be amended on appeal. Code Ann. § 24-2108; *Wofford v. Vandiver,* 72 Ga. App. 623 (4) (34 SE2d 579) (1945).

doctor left the bulk of his estate to his second wife, but also bequeathed $5,000 to each of his two grown children and established a $40,000 trust, with Marie C. McPhearson Bloodworth as trustee, for the two minor children. The provisions of the trust show that the money should be used primarily for their college education, but that if they did not go to college or if funds remained in the trust after one or both attended college, that these funds would be distributed to them equally at age twenty or whenever the last one finished college. The caveators claim that this did not amount to a bequest to the children because the doctor was required to send these children to college under the divorce decree. The will clearly gives these children more than they were entitled to under the divorce decree, which benefits were limited to the actual cost of a public or private college education in Georgia, if commenced within six months after completion of high school. We therefore hold that after being afforded the opportunity to amend, the amended petition shows beyond doubt that the caveators can prove no set of facts in support of their claim which would entitle them to relief. 2A Moore's Federal Practice,¶ 9.03; 5 Wright & Miller, Federal Practice and Procedure:Civil § 1298.

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 16, 1978 — DECIDED JANUARY 31, 1978.

*Lawton Miller, Jr.,* for appellants.
*McKenna, House, Lancaster & Green, Andrew W. McKenna, George E. Saliba,* for appellee.