## 33606. McDONOUGH CONSTRUCTION COMPANY et al. v. McLENDON ELECTRIC COMPANY.

HILL, Justice.

This case involves a single procedural issue: the proper construction of § 9 (c) of the Civil Practice Act, Code Ann. § 81A-109 (c). Urban Medical Associates (the owner) contracted with McDonough Construction Company (the general contractor) for construction of two buildings on land of the owner. The general contractor subcontracted the electrical work to McLendon Electric Company (the subcontractor).

That subcontract contained a clause which the parties agree (for purpose of argument only) establishes as a condition precedent to payment by the general contractor to the subcontractor "written acceptance of [the work] by the Architect and Owner, or their authorized representatives, and full payment therefor by the Owner." When the owner refused to accept the electrical work or to fully pay the general contractor, the subcontractor filed suit against the general contractor and the owner.[1] The subcontractor sought a general judgment for the amount due on the contract from both defendants and a lien on the property.

The subcontractor alleged in its complaint that it had fully performed the subcontract and that all conditions precedent had been performed or had occurred. The general contractor denied this allegation without elaboration. At trial, after the subcontractor rested its case, the defendants moved to dismiss on the basis that the subcontractor had failed to prove compliance with conditions precedent. The motion to dismiss was denied on several grounds. Thereafter the trial court rendered judgment for the subcontractor against the general contractor, and for the owner against the subcontractor. Following Code Ann. § 81A-109 (c) the trial court found, among other findings, that the general contractor's general denial of the subcontractor's allegation that all

---

[1] The subcontractor included other parties as defendants but they are not involved here.

conditions precedent had been performed or had occurred amounted to an admission. The Court of Appeals affirmed that part of the trial court's order against the general contractor and reversed as to the owner, granting the subcontractor's prayer for a lien on the property. 145 Ga. App. 137. We granted certiorari to determine the proper interpretation of Code Ann. § 81A-109 (c).[2]

On certiorari the general contractor and the owner argue that the Court of Appeals erred in holding a general denial of allegations of performance of conditions precedent to be an admission. The owner also argues, correctly, that in the absence of a judgment against the general contractor, a lien cannot be foreclosed on the owner's property. Code Ann. § 67-2002 (3).

Code Ann. § 81A-109 (c) (§ 9 (c) CPA; Ga. L. 1966, pp. 619, 620) provides that "In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred. A denial of performance or occurrence shall be made specifically and with particularity." The plaintiff-subcontractor's allegations complied with this provision; the defendant-general contractor's did not. The question thus becomes: What is the consequence of a general denial of general allegations as to conditions precedent?

In construing this provision, the Court of Appeals followed three federal decisions that stand for the principle that failure to specifically deny allegations of compliance with conditions precedent contrary to Code Ann. § 81A-109 (c) is an admission. Ginsburg v. Ins. Co. of North America, 427 F2d 1318, 1322 (6th Cir. 1970); Lumbermens Mutual Ins. Co. v. Bowman, 313 F2d 381, 387 (10th Cir. 1963); Midland Eng'r. Co. v. John A. Hall

---

[2] We note that the appropriate resolution of this issue was forecast in our opinion in *Cochran v. McCollum,* 233 Ga. 104 (210 SE2d 13) (1974); and by the Court of Appeals in *Tucker v. Chung Studio of Karate,* 142 Ga. App. 818, 821 (237 SE2d 223) (1977); and *DeWes Enterprises v. Town & Country Carpets,* 130 Ga. App. 610, 612 (203 SE2d 867) (1974).

Constr. Co., 398 FSupp. 981, 991 (N. D. Ind. 1975). We disagree with the rule applied in those cases, and we note that in none of them did the court express any rationale or consider the impact of the position taken in the context of modern pleading.

The purpose of modern pleading is to facilitate determination of the truth; construing a denial as an admission does not comport with this goal. See *Cochran v. McCollum,* supra; *Bryant v. Bryant,* 236 Ga. 265 (223 SE2d 662) (1976). Our CPA is patterned after the Federal Rules. In Conley v. Gibson, 355 U. S. 41, 48 (78 SC 99, 2 LE2d 80) (1957), the United States Supreme Court stated "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of a pleading is to facilitate a proper decision on the merits."

In neither federal nor Georgia practice is Rule 9 (Code Ann. § 81A-109) immune from the command of Rule 8 (f) (Code Ann. § 81A-108 (f)): "All pleadings shall be so construed as to do substantial justice." Thus, one context in which a somewhat liberal approach to the granting of Rule 12 (e) motions is appropriate is "when the request for a more definite statement is used to enforce the special pleading requirements of . . . Rule 9 (c) . . . Rule 9 itself contains no mechanism for enforcing its terms, and the common practice has been to use Rule 12 (e) for that purpose." 5 Wright & Miller, Federal Practice and Procedure: Civil § 1376, p. 742. The Georgia Court of Appeals has twice recognized that Rule 9 (Code Ann. § 81A-109) is not self-enforcing and that the common practice is to use Rule 12 (e) to ensure compliance. *Tucker v. Chung Studio of Karate,* supra, 142 Ga. App. at 821; *DeWes Enterprises v. Town & Country Carpets,* supra, 130 Ga. App. at 612 (cited with approval in *Cochran v. McCollum,* supra). In accordance with these authorities, we find that the appropriate remedy for the complainant in a situation such as this is a motion to strike[3] the

---

[3] The complainant actually is seeking a more definite statement of the general denial but a motion for more definite statement is available when a responsive

defendant's general denial for failure to comply with Code Ann. § 81A-109 (c), which motion would normally be granted with leave to amend.[4] Reynolds-Fitzgerald, Inc. v. Journal Pub. Co., 15 FRD 403 (S. D. N. Y. 1954); Temperato v. Rainbolt, 22 FRD 57 (E. D. Ill. 1958). See *Cochran v. McCollum,* supra.

Supporting this construction is the fact that under the Civil Practice Act a complainant can plead a claim for breach of contract without alleging performance or occurrence of conditions precedent. *Management Search, Inc. v. Kinard,* 231 Ga. 26 (199 SE2d 899) (1973); *Phoenix Ins. Co. v. Aetna Cas. &c. Co.,* 120 Ga. App. 122 (6) (169 SE2d 645) (1969). In such a case, in order to prevail at trial the complainant would be required to prove performance or occurrence of conditions precedent. See *Management Search, Inc. v. Kinard,* supra. Where a complainant alleges generally that all conditions precedent have been performed or have occurred and the defendant denies that allegation only generally and the complainant fails to insist upon the right to a specific and particular denial of complainant's general allegation, the general allegation stands denied by the general denial and the requirement of proof of performance of conditions precedent remains in effect just as it would if there had been no allegation in the complaint as to conditions precedent. It follows that the interpretation of Rule 9 (c), FRCP, in the three federal decisions relied upon by the Court of Appeals is not a rule of necessity and we find that interpretation to be contrary to the intent of the Civil Practice Act.

---

pleading is permitted. Code Ann. § 81A-112 (e). A motion to strike is available under the circumstances described here because the general denial is an insufficient defense. Code Ann. § 81A-112 (f). However, if a complainant labels the motion as one for a more definite statement, it should not be denied on the basis of misnomer.

[4] In instances where there is no timely amendment, or where the amendment is merely another general denial, it might well be appropriate to hold that the general allegation has been admitted and to proceed accordingly. See *Bloodworth v. Bloodworth,* 240 Ga. 614 (241 SE2d 827) (1978).

Furthermore, the facts of this very case show that interpretation to be contrary to the intent of the Civil Practice Act as evidenced by Rule 15 (b). Here the plaintiff alleged that all conditions precedent had been performed or had occurred. The general contractor generally denied that allegation. The insufficiency of the denial under Code Ann. § 81A-109 (c) was not raised by the plaintiff. At trial specific evidence showing that all conditions precedent had not occurred was introduced by the defendant without objection. Under both Rule 15 (b) of the Federal Rules of Civil Procedure and Code Ann. § 81A-115 (b), this evidence received without objection amended the pleadings by operation of law.

"Rule 15 is one of the most important of the rules that deal with pleadings. It re-emphasizes and assists in attaining the objective of the rules on pleadings: that pleadings are not an end in themselves, but are only a means to the proper presentation of a case; that at all times they are to assist, not deter, the disposition of litigation on the merits." 3 Moore's Federal Practice § 15.02[1], p. 15-13. "The first part of Rule 15(b) provides that if issues are tried with the express or implied consent of the parties, 'they shall be treated in all respects as if they had been raised in the pleadings.' . . . Rule 15 (b), of course, is applicable to defenses as well as to claims, and to the extent to which it applies, Rule 15 (b) operates as an exception to the rule that defenses not pleaded are waived. The fact that a defense, even an affirmative defense, has not been formally pleaded is immaterial if the issue was tried by express or implied consent . . . [T]he lack of an amendment does not affect the judgment in any way. In effect, therefore, the parties may, by express consent, or by the introduction of evidence without objection, amend the pleadings at will . . . Implied consent usually is found where one party raises an issue material to the other party's case, or where evidence is introduced without objection . . . It should be noted that Rule 15 (b) is not permissive in terms: it provides that issues tried by express or implied consent *shall* be treated as if raised by the pleadings." 3 Moore's Federal Practice § 15.13[2], pp. 15-157, 15-165, 15-169, 15-170, 15-174, 15-175, 15-177. See also 6 Wright & Miller, Federal Practice and

Procedure: Civil § 1493, pp. 462-463.

The liberal rules of notice pleading found in the CPA are to be applied to defendants as well as plaintiffs. *Davis v. Metzger,* 119 Ga. App. 750 (168 SE2d 866) (1969). To hold otherwise would be to speak with a forked tongue. This is not to say that a complainant or defendant cannot demand that the opposing party comply with special provisions of the CPA requiring specificity. But the demand must be timely. The important thing to remember is that under the CPA a party is to be given notice and the opportunity to amend defective pleadings where such notice will facilitate decision on the merits. The CPA does not penalize a party irrevocably for one misstep in pleading.

The court wishes to note that the Rule 15 (b) analysis, above, was authored by Justice Hall.

For the foregoing reasons, the judgment of the Court of Appeals is reversed and this case is remanded to. that court for further proceedings not inconsistent with this opinion. Upon remand the subcontractor shall be permitted to renew its argument that the contractual provision here in issue is not a binding condition precedent.

*Judgment reversed. All the Justices concur, except Bowles and Marshall, JJ., who dissent.*

ARGUED JUNE 12, 1978 — DECIDED NOVEMBER 7, 1978.

*Jones, Bird & Howell, Arthur Howell, III, Slutzky, Wolfe & Bailey, Stanley K. Slutzky, III, Danny C. Bailey,* for appellants.

*Stokes & Shapiro, J. Ben Shapiro, Jr., David R. Hendrick, Sally A. Blackmun,* for appellee.

BOWLES, Justice, dissenting.

I cannot agree with the majority opinion in this case. I feel that the result will add to the onerous burden of pleadings which was intended to be minimized by the adoption of the Civil Practice Act.

Section 9 (c) of the Civil Practice Act (Code Ann. § 81A-109 (c)) is identical to the federal rule pertaining to this same subject matter. See Federal Rules of Civil Procedure 9 (c). The rule simply permits the plaintiff to allege in general terms that all conditions precedent have been performed. It requires a defendant in denial of performance or occurrence to plead specifically and with particularity. The rule is simple. The requirement placed on the defendant is simple.

Because the Act is patterned after the federal rules, and this particular section duplicates the federal rule, federal decisions construing this provision should be given great weight in the interpretation of the Georgia Act. As the Court of Appeals said in *Holland v. Sanfax Corp.,* 106 Ga. App. 1, 4 (126 SE2d 442) (1962), "The Summary Judgment Act of 1959 is substantially identical with Rule 56 of the Federal Rules of Practice and Procedure, 28 U.S.C.A. Rule 56. Therefore, it is appropriate that we resort to 'Federal Cases' as to its construction." See also E. Freeman Leverett, *Comments on the Georgia Civil Practice Act of 1966,* 3 Ga. State B. J., 295 (1967). The federal cases, including those cited in the majority opinion, hold that where the plaintiff has generally pleaded that all conditions precedent had been met, the defendant cannot generally deny that allegation. If he does so, he will be deemed to have admitted the allegation as being true. 5 Wright & Miller, Federal Practice and Procedure: Civil § 1304, p. 432 (1969); Ginsburg v. Ins. Co. of North America, 427 F2d 1318 (6th Cir. 1970); Lumbermens Mutual Insurance Co. v. Bowman, 313 F2d 381, 387 (10th Cir. 1963); Weir v. United States, 310 F2d 149, 155-56 (8th Cir. 1962). State courts with similar rules which have followed the federal rule include Clary v. Alexander County Bd. of Ed., 286 N. C. 525 (212 SE2d 160) (1975); Henschel v. Hawkeye-Security Ins. Co., 178 NW2d 409, 418 (S. Ct. Iowa 1970); Treasure State Industries v. Leigland, 151 Mont. 288 (443 P2d 22) (1969). Thus, under this procedure the issues are narrowed from the outset, as a portion of the burden of pleading specifically or affirmatively is placed upon the defendant. The burden of proof is not shifted but

remains on the plaintiff if properly challenged.[1,2]

This was the interpretation of the trial judge and of the Court of Appeals. Now the majority says that this is "contrary to the intent of the Civil Practice Act" and writes its own rule. I am not able to thus interpret the intent of the legislature. Indeed, the spirit and intent of good faith pleading required under § 81A-108 (b) of the Civil Practice Act would not permit a defendant to deny all of an averment of a complaint when a portion is true. *Consolidated Pecan Sales Co. v. Savannah Bank &c. Co.,* 122 Ga. App. 536, 539 (4) (177 SE2d 808) (1970); *Stuckey's Carriage Inn v. Phillips,* 122 Ga. App. 681 (4) (178 SE2d 543) (1970). Honesty in pleading is the objective. Honesty in pleading is required. Honesty in pleading is not met when a general denial is made to a pleading which can be admitted in part by pleading specifically and with particularity.

This result makes a simple rule complicated. The majority opinion readily admits that the claimant-plaintiff can require the defending party to comply with the rule but adds that he must make a motion in order to get him to do so. Why add the requirements of a

---

[1]Failure to properly plead to allegations within the knowledge of the defendant in other instances will be considered as an admission of the allegation. *J. D. Jewell, Inc. v. Hancock,* 226 Ga. 480 (5) (175 SE2d 847) (1970). See also *North Georgia Production Credit Assn. v. Vandergrift,* 239 Ga. 755 at 762-763 (238 SE2d 869) (1977).

[2]If the plaintiff fails to allege performance of conditions precedent, matters normally put into issue by a specific denial need not be asserted as affirmative defenses in order to be preserved. 5 Wright & Miller, Federal Practice and Procedure: Civil § 1304, p. 432; Royal McBee Corp. v. Bryant, 217 A2d 603, 607 (D.C. Ct. App. 1966); Inman v. Clyde Hall Drilling Co., 369 P2d 498 (Alaska S. Ct. 1962) 4 ALR3d 430. The result in such instances would be logical because the plaintiff or claimant has not seen fit to plead that conditions precedent have been met, and thus, such conditions must be proven.

motion, a response of the defendant, and possibly a court hearing to a case when the contentions of the parties can be applied to the pleadings as initially presented? If an error is made amendment is available. The result is that we have one rule in the federal system and a totally different rule in the state system. Pray tell me what this contributes toward making the rules of civil procedure simple or uniform.[3]

I respectfully dissent. I am authorized to state that Justice Marshall joins in this dissent.

---

[3] I have not covered in this dissent any mention of the applicability of Rule 15 (b) to this case although it is included as a "furthermore" to bolster the result of the majority opinion. This point was not presented to the Court of Appeals in the motion for rehearing of their opinion, nor was it included in the petition for certiorari filed to this court. Under our own rules we should not consider this point. Rules of the Supreme Court XVIII, Rule 36 (h).