## 34244. HOUGH v. JOHNSON.

BOWLES, Justice.

The parties to this action, formerly husband and wife, were divorced by court order on December 31, 1975. On February 5, 1976, the appellee-husband filed a motion

for property settlement and for custody of the parties' minor child. The court awarded custody of the child to appellee, but did not rule on the question of a property settlement.

On February 23, 1978, the appellant-wife filed a complaint in equity to set aside the custody award, alleging that the judgment was fraudulently obtained. The appellee moved pursuant to Code Ann § 81A-112 (e) for a more definite statement as to the fraud issue.

Appellant amended her complaint, but failed to set forth the specific acts of fraud which would authorize a setting aside of the custody award. Appellee moved to dismiss the appellant's complaint, as amended, for failure to state a claim upon which relief could be granted. Appellant's complaint was dismissed by order of the trial court. We affirm.

Code Ann § 81A-109 (b) requires that, "In all averments of fraud, or mistake, the circumstance constituting fraud or mistake shall be stated with particularity." Appellant, in her complaint as amended, alleged no facts which constituted fraud so as to render the custody award void. Therefore, her complaint was properly dismissed. *Bloodworth v. Bloodworth*, 240 Ga. 614 (241 SE2d 827) (1978). See also *Cochran v. McCollum*, 233 Ga. 104 (210 SE2d 13) (1974).

*Judgment affirmed. All the Justices concur.*

ARGUED NOVEMBER 20, 1978 — DECIDED DECEMBER 5, 1978.

*Wayne F. Browning, Jr.,* for appellant.
*I. J. Parkerson, William S. Shulfer,* for appellee.