34928. HALL et al. v. CHURCHWELL'S, INC. et al.

UNDERCOFLER, Presiding Justice.

In this case, the trial court dismissed the plaintiff shareholders' derivative[1] suit on behalf of the corporation under Code Ann. § 22-615 (b): "In any such action, the complaint shall allege *with particularity* the efforts of the plaintiff to secure the initiation of such action by the board of directors or comparable authority, or the reasons for not making such effort." (Emphasis supplied.) We reverse on this issue.

The plaintiffs' complaint alleges that requests had been made to secure the relief sought, that they did not

---

[1]We express no opinion whether some or all of the complaints were also brought individually by the shareholders as well as derivatively.

know all the names of the members of the board, that the board and officers did not conduct the corporation's activities but that it was run by others, that the president did not have the capacity to act on their requests and that from past indications the requests would not be acted upon. We find these allegations meet the specificity required by Code Ann. § 22-615 (b), and the complaint should not have been dismissed.

We add, furthermore, that the remedy for failure to plead with particularity is a motion for more definite statement under Code Ann. § 81A-112 (e), not a motion to dismiss, until the pleader is unable or unwilling to amend his pleadings accordingly. *Hough v. Johnson,* 242 Ga. 698 (251 SE2d 288) (1978); *McDonough Const. Co. v. McLendon Elec. Co.,* 242 Ga. 510 (250 SE2d 424) (1978); *Bloodworth v. Bloodworth,* 240 Ga. 614 (241 SE2d 827) (1978); *Cochran v. McCollum,* 233 Ga. 104 (210 SE2d 13) (1974). The trial court erred in dismissing the plaintiffs' complaint.

There is evidence to support the refusal of the trial court to appoint a receiver for the corporation and a guardian ad litem for the company president. The trial court may reconsider the injunction restraining the alienation of the deed to secure debt to the corporate property since the case no longer stands dismissed.

*Judgment affirmed in part; reversed in part. All the Justices concur, except Bowles, J., who concurs in the judgment only.*

ARGUED MAY 14, 1979 — DECIDED JUNE 20, 1979.

*Malone & Percilla, Del Percilla, Jr., Thomas W. Malone, Joseph B. Newton, W. Wheeler Bryan, Merle A. Ramos,* for appellants.

*Frank B. McDonald, Jr., E. Kontz Bennett, Sr.,* for appellees.