YOUNG WOMEN'S CHRISTIAN ASSO-
CIATION OF the NATIONAL CAP-
ITAL AREA, INC., Plaintiff,

v.

ALL STATE INSURANCE COMPANY
OF CANADA, et al., Defendants.

Civ. A. No. 94–741 (JHG/PJA).

United States District Court,
District of Columbia.

Oct. 31, 1994.

Bardyl R. Tirana, Washington, DC, for plaintiff.

Judith B. Ittig, Washington, DC, for All-state Ins. Co. of Canada. Cristina Aragona, Washington, DC, for Kansa Gen. Ins. Co. Stuart L. Peacock, Joseph S. Crociata, Washington, DC, for New Hampshire Ins. Co. James D. Skeen, Baltimore, MD, for Halifax Ins. Co. Aaron L. Handleman, Washington, DC, for American Home Assur. Co. Michael L. Gassman, Washington, DC, for Richmond Ins. Co., Ltd.

### MEMORANDUM ORDER

ATTRIDGE, United States Magistrate Judge.

#### Background

On November 30, 1979, the Young Women's Christian Association of the National Capital Area, Inc. ("YWCA") entered into a contract with Tiber Construction Company ("Tiber") for the construction of an office building and gymnasium in the District of

Columbia. On February 18, 1980, Tiber subcontracted with Beer Precast Concrete Limited ("Beer") to furnish and install all precast concrete required by the project. Nine years after completion of the building, the exterior precast concrete panels began to deteriorate.

The YWCA brought suit against Beer in this Court seeking money damages based upon breach of contract and negligence. A judgment was entered in its favor against Beer on a jury verdict in the sum of $4,500,-000.

The YWCA brings this diversity action for breach of contract against several nonresident insurance companies alleged to have issued policies of insurance obligating each to pay, up to the limits of the respective policies, monies sufficient to satisfy the judgment entered against Beer in favor of the YWCA.

One of the defendant insurers, New Hampshire Insurance Company, ("New Hampshire") has moved to dismiss the amended complaint against it without prejudice on the grounds that the amended complaint fails to state a claim upon which relief may be granted (Fed.R.Civ.P. 12(b)(6)). New Hampshire contends the amended complaint does not allege that the insured has fully complied with all the terms of the policy. It argues, in the absence of such an allegation, the complaint is defective for failure to comply with Fed.R.Civ.P. 9(c).

New Hampshire attached to its motion copies of the insurance policies at issue. Both sides concede the attachments do not convert the motion into one for summary judgment since the amended complaint makes express reference to policies and they are central to the YWCA's claim against New Hampshire. *See Cortec Indus., Inc. v. Sam Holding, L.P.,* 949 F.2d 42 (2d Cir.1991).

## Discussion

The claim by the YWCA against New Hampshire is based solely on the insurance policies. The policies contain a number of conditions, including the following:

Action Against Company

G.  No Action shall lie against the Insurer unless, as a precedent thereto, the Insured shall have fully complied with all the terms of this policy ...

Any person or his legal representative who has secured ... (a) judgment ... shall thereafter be entitled to recover under the terms of this policy in the same manner and to the same extent as the Insured ...

New Hampshire Ex. 1, p. YWCA 0003825; Ex. 2, pp. YWCA 0003875–78.

New Hampshire contends that the law of this jurisdiction as well a Fed.R.Civ.P. 9(c) make it incumbent upon a plaintiff seeking to recover damages under a contract of insurance to allege in his complaint compliance with all conditions precedent.

On the other hand, the YWCA contends that the second paragraph of condition G of the policies gives the "YWCA a direct cause of action against New Hampshire because the YWCA has already secured a 'judgment against the insured (Beer) after actual trial ...'" (pl's. opp. p. 3) without alleging or proving compliance with the terms of the policy.

Alternatively, it argues that it has given New Hampshire notice of its judgment and of the claim underlying that judgment and has provided New Hampshire with all material amassed in the litigation against Beer before instituting this action, therefore, it has provided notice.

It contends that the allegations of the amended complaint satisfied its notice obligations by stating that it has secured a judgment against Beer, New Hampshire's insured. It argues, since securing a judgment against an insured is the only condition precedent under the second paragraph of condition G that it is required to recover under the policy, it has fully complied with all conditions by alleging it has a judgment.

It further argues that by virtue of its writ of attachment, it has succeeded to all the

rights Beer had under the policies of insurance, implying, but not affirmatively alleging, that Beer complied with all the terms of the policy, including timely notice of this claim to New Hampshire.

## Analysis

Count III of the amended complaint seeks a money judgment from New Hampshire on the grounds that it has secured a judgment against its insured. Condition G of the insurance policies clearly states that "any person ... who has secured ... (a) judgment ... shall be entitled to recovery under the same terms of this policy in the same manner and to the same extent as the Insured."

The same condition G states the conditions under which an insured is entitled to the benefits of coverage. "No action shall lie against the Insurer unless, as a condition precedent thereto, the Insured shall have fully complied with all the terms of the policy ..."

■ Therefore, it is clear, "(a) plaintiff seeking to secure the benefits of an insurance policy has the burden of pleading that he has a right to recover under the terms of the policy." Wright & Miller, *Federal Practice and Procedure,* § 1243, p. 297. Since an insurer's duty under the policy of insurance does not arise until the conditions precedent have occurred or been performed, it is incumbent on a plaintiff seeking recovery under the insurance policy to allege that all the conditions precedent to recovery have been fulfilled. "if he fails to do so, the complaint is defective ..." *Royal McBee Corporation v. Bryant, et al.,* 217 A.2d 603, 607 (D.C.App. 1966); *East River Construction Corporation v. District of Columbia,* 183 F.Supp. 684, 685 (D.D.C.1960).

■ A review of Count III of the amended complaint reveals that it contains no allegation that the insured, or the plaintiff seeking to succeed to the rights of the insured, performed all conditions precedent giving rise to recovery under the policy.

Nor is the second paragraph of condition G of benefit to the plaintiff. While the policy may give rise to a direct action against the insurance company by one who has secured a judgment, recovery under the policy is, nonetheless, premised on compliance with the terms and conditions of the policy in the same manner and to the same extent required of the insured. Thus, the plaintiff as judgment creditor of a New Hampshire insured must allege compliance with all the terms of the policy to the same extent required of the insured. It is not sufficient to merely state that the plaintiff has a judgment against the carrier's insured. An insurance company's obligation to satisfy a judgment rests upon full compliance with the terms and conditions of the insurance policy before the company's obligation to pay are implicated.

The plaintiff seems to argue that it or Beer has complied with the notice conditions of the policy. But that is not the point raised in this motion. The issue is whether or not the plaintiff's failure to allege *in the complaint* compliance with all conditions precedent renders the amended complaint defective for failure to state a claim upon which relief may be granted.

The Court concludes that the failure to so allege does render the complaint defective and, therefore, Count III must be dismissed.[1]

■ However, if a Rule 11 inquiry permits, the plaintiff may amend Count III of the complaint to allege that all conditions precedent to recovery under the policy have been performed or occurred. It is not necessary to specify the terms, conditions and occurrences which have been performed or which have occurred which give rise to recovery under the policy.

For the reasons stated, it is this 31st day of October 1994:

---

1. Only Count III of the amended complaint seeks recovery against New Hampshire, therefore, only that count is dismissed. The remaining counts of the amended complaint seek recovery from other defendants.

ORDERED that Count III of the amended complaint is dismissed without prejudice.