24641, 24642. BERRYHILL v. LEE et al.; and vice versa.

ARGUED MAY 14, 1968—DECIDED JUNE 20, 1968—
REHEARING DENIED JULY 2, 1968.

*J. Frank Myers,* for appellant.

*Thad W. Gibson,* for appellees.

ALMAND, Presiding Justice. For review is the appeal and cross appeal complaining of the trial court's refusal to grant the plaintiff's and the defendants' motions for a judgment notwithstanding a mistrial.

Dock Berryhill in his petition against R. B. Lee and Flora S. Lee sought to cancel a warranty deed to the defendants on the ground of fraud in that the defendant R. B. Lee represented that said deed was a security deed. The deed in question conveyed 100 acres of land.

The petition alleged that in October of 1955 the plaintiff was indebted to the defendant R. B. Lee in the sum of $800. Plaintiff alleged that "at the time the plaintiff signed the deed which conveyed his equity of redemption, he asked defendant R. B. Lee if he was trying to take his farm and defendant R. B. Lee assured him that, if he would sign the deed, he would help him save his place. That the signature on this deed was obtained by the fraud of the defendant, R. B. Lee, who did not intend to help him save this place but to obtain record title to his farm.

"That the plaintiff was in serious financial circumstances at this time and this fact was well known to the defendant, R. B. Lee; and, that defendant R. B. Lee wilfully misrepresented that, if the plaintiff would sign the deed, that he would help him save his farm. That the plaintiff signed this deed because of this assurance given him by the defendant, R. B. Lee; and, that this act on the part of the defendant, R. B. Lee, was fraud against the plaintiff because he knew at the time of the signing of the deed that he was not going to help the plaintiff;

but, would try to take the plaintiff's farm." Plaintiff further alleged that since the execution of the deed in 1955, he has remained in possession of the property. The prayers were that (a) the warranty deed from plaintiff to the defendants be canceled and (b) an accounting be had for the rents received by the defendants from said 100 acres of land.

The defendants in their answer denied the material allegations of the petition. Their general demurrers to the petition were overruled. The trial of the case resulted in a mistrial. Both parties made a motion for a judgment notwithstanding a mistrial and both motions were overruled. To the denial of both of these motions, we have for review the appeal of Dock Berryhill, plaintiff, and the cross appeal of R. B. Lee and Flora S. Lee, defendants.

A brief survey of the evidence discloses that: The plaintiff in 1956 was the owner of 100 acres of land subject to deed to secure a loan of $680 and owed the defendant R. B. Lee $800. Defendant R. B. Lee told the plaintiff that the Farmers Home Administration was about to foreclose on him and that "I can help you save your land if you sign this paper and I [plaintiff] signed the paper." Not until three years later did plaintiff know the paper he signed was a warranty deed. Plaintiff continued to live on the property and to farm it until 1958. Subsequent to 1958 the defendants rented the property to plaintiff's brother for $360 a year. Though the plaintiff continued to live on the property, he did not engage in farming, and after 1958 the taxes on the property were returned and paid by the defendants. The plaintiff also knew that his brother was paying rent on the property as a tenant of the defendants.

The defendant R. B. Lee testified that: In 1956 the plaintiff came to him and said that he was heavily in debt to the Bank of Leslie and the Farmers Home Administration and owed the defendant $700, and that plaintiff wanted the defendant to take plaintiff's 100 acres and pay his debts. The plaintiff executed a deed conveying to the defendants the 100 acres of land for which the consideration totaling $2,300 was the satisfaction of the debt to the defendant R. B. Lee and the assumption of the debt to the Bank of Leslie which defendant R. B. Lee has paid.

The plaintiff introduced into evidence a conveyance of an easement over the subject property to the Georgia Power Company which was signed by the plaintiff as owner and signed by defendant R. B. Lee as lienholder. There also was introduced in evidence by the defendants a signed application of the plaintiff dated May 24, 1965, in which plaintiff sought the settlement of his indebtedness of $6,420.51 to the Farmers Home Administration of the United States Department of Agriculture in which he stated he did not own any real estate.

From a review of all the evidence, we cannot say that the evidence demanded a verdict for either the plaintiff or the defendants.

*Judgments on the main appeal and cross appeal affirmed. All the Justices concur.*