49901, 49902. SMITH v. WESTBROOK et al.; and vice versa.

QUILLIAN, Judge.

The plaintiff sued the defendants for $47,873.40 as damages resulting from an automobile collision. The jury returned a verdict in favor of the plaintiff in the amount of $1,524. The plaintiff's motion for new trial was denied by the trial judge and an appeal was taken to this court. *Held:*

1. In 49902 the defendant cross appeals from the action of the trial judge in overruling his objection to a late filing of the transcript. The trial judge did not err in declining to dismiss the appeal. *Irby v. Christian,* 130 Ga. App. 375, 379 (203 SE2d 284).

2. In the main appeal 49901, the appellant sets forth 3 grounds in his enumerations of error.

(a) It is contended that the trial judge erred in failing to declare a mistrial for alleged prejudical statements and evidence sought to be introduced by the defendant's attorney. The plaintiff interposed a timely objection and after hearing argument the trial judge overruled the motion for mistrial and gave the jury the following instructions: "Ladies and Gentlemen, a few moments ago while counsel was cross-examining the witness on the stand, he made reference to the fact that the plaintiff was on the verge of bankruptcy and made the statement that he had been sued by some oil company, certain oil company name was not mentioned. Now, the court instructs you that the court considers that statement to have been improper, and I instruct you to disregard it because those facts have nothing to do with the issues in this case and you are not to draw any inference from that statement harmful or prejudicial to the plaintiff in this case and I have instructed counsel for the defendant not to go into that line of questioning again. He will not pursue that question further."

The plaintiff contends the instruction was insufficient to constitute a rebuke and cites as authority *Moorehead v. Counts,* 130 Ga. App. 453 (203 SE2d 553). In that case it was pointed out on page 455: "There was not the faintest suggestion by the court that he regarded

counsel's argument to the jury as improper, or that he criticized, reprimanded or rebuked counsel in any fashion whatever for having stated matters that were completely outside the record, and were of a prejudicial nature." The instruction in this case was sufficient to constitute a rebuke and to remove the improper impression from the jury's minds. Hence, it was not error to overrule the motion for mistrial.

(b) In the second enumeration of error the following charge is assigned as error: "In determining whether or not the defendants were negligent as charged by the plaintiff or whether the plaintiff was negligent as charged by the defendants, you will be confined to the specifications of negligence charged by each against the other. You would not be authorized to go outside the evidence and inquire whether or not either was guilty of some other act of negligence. If either is entitled to recover against the other, it must be upon some one or more of the allegations of negligence which the court has instructed you to consider as against each party."

The plaintiff contends this charge was error, citing *Marsh v. Allgood,* 118 Ga. App. 773 (165 SE2d 479); *Rogers v. Eavenson,* 124 Ga. App. 230 (183 SE2d 498). These cases are authority for the proposition that it was not error to charge on a ground of negligence not included in the allegations of the complaint, which was raised by unobjected to evidence. Assuming it would therefore be error to limit negligence only to those specifications set out in the complaint, in the case sub judice the charge did not confine negligence to the pleadings but merely restricted it to the evidence, the trial judge stating that "you would not be authorized to go outside the evidence."

The plaintiff also contends that the last sentence of the charge was error in unduly restricting the negligence contended for by the plaintiff. No showing is made as to any evidence or contentions of negligence which the plaintiff proffered and on which the trial judge did not charge. This ground is without merit. *Camp v. Roswell Wieuca Court Apartments,* 127 Ga. App. 67, 68 (192 SE2d 499). See Rule 18 (c) (3) (ii) of the Court of Appeals of Georgia.

(c) In the third enumeration of error the plaintiff

contends that the verdict returned by the jury was inadequate as a matter of law and unsupported by the evidence in the case since a finding for a larger amount was demanded by the evidence. The plaintiff contends that since his pleadings were for a much greater amount that he was entitled to recover this sum. It is also argued that the evidence shows that a greater sum in recovery was demanded.

From our perusal of the record, we cannot say that the evidence demanded a finding for the plaintiff on the question of liability. From the conflicting proof adduced, the jury was authorized to find that both drivers of the cars involved were negligent in some degree and that their negligence concurred in causing the collision. In view of the comparative negligence rule in this state, we cannot say that the verdict was inadequate as a matter of law. *Malcom v. Malcolm,* 112 Ga. App. 151, 157 (144 SE2d 188), and cases cited. See *Maloy v. Dixon,* 127 Ga. App. 151, 165 (193 SE2d 19).

Moreover, the evidence, while it might have authorized a greater recovery, did not demand a finding for damages in excess of those set by the jury. See e.g., *Sharp v. Thomas,* 125 Ga. App. 137 (186 SE2d 589); *Maloy v. Dixon,* 127 Ga. App. 151, 165, supra.

*Judgment affirmed. Bell, C. J., and Clark, J., concur.*

SUBMITTED NOVEMBER 4, 1974 — DECIDED JANUARY 30, 1975 — REHEARING DENIED FEBRUARY 21, 1975.

*Joseph E. Cheeley,* for appellant.
*Smith, Cohen, Ringel, Kohler, Martin & Lowe, Williston C. White,* for appellees.