## 53465. SHEPPARD v. POST et al.

SMITH, Judge.

Sheppard brought this action for $488,000 actual damages in the State Court of DeKalb County. He alleged that Post, Wilson and Bernal, in conspiracy, had maliciously induced North Fulton Realty Co., Inc., to breach a contract it had with Sheppard and Post. Sheppard claims the trial court erred in entering an order sustaining the following: Wilson's motion to dismiss for failure to state a claim upon which relief can be granted, Wilson's "plea of" res judicata, Bernal's motion to dismiss because of the pendency of a suit on the same cause of action, treated as a motion for summary judgment by the trial court, and Post's motion for summary judgment. We agree with appellant and reverse.

On January 28, 1972, North Fulton Realty entered into a fifteen-year contract with Sheppard and Mrs. Post. Under this contract Sheppard and Post were to be "co-managers" of a DeKalb County branch of North Fulton Realty. The "co-managers" were to be in complete control of that branch's real estate sales affairs such as payment of all expenses, hiring of employees, distribution of commissions, etc. North Fulton was to be paid a percentage of the gross commissions earned by the branch. On February 15, 1972, to provide a means for carrying out their managerial responsibilities under their contract with North Fulton, Post and Sheppard entered into a partnership with Mrs. Bernal. The three partners managed the branch office from February 15, 1972 until October 2, 1974, when Sheppard gave notice of termination of the partnership because of the many

business disputes with the two ladies. Sheppard alleged that malicious actions on part of Post, Bernal and Wilson, president and owner of North Fulton, during a time period prior to November 19, 1974 induced the company, on that date, to place Mrs. Post in sole control of the DeKalb branch in breach of the contractual provision stating that she and appellant were to be co-managers.

In the Civil Court of Fulton County on December 30, 1974, in Case No. 515664, Sheppard sued North Fulton Realty and Wilson for breach of contract. That court entered an order denying Wilson's motion to dismiss for failure to state a claim upon which relief can be granted. On November 7, 1975, the Court of Appeals, on interlocutory review, ruled that the trial court erred in failing to sustain Wilson's motion to dismiss. Sheppard filed this action for tort on November 20, 1975.

1. It was error to sustain Wilson's motion to dismiss Sheppard's complaint for failure to state a claim. In his complaint Sheppard alleged that the appellees, in conspiracy, had maliciously induced North Fulton to violate its contract by placing Mrs. Post in sole control of the DeKalb branch. Interference with contractual rights, such as inducing one to breach his contract with another, is an actionable tort. *Piedmont Cotton Mills v. H. W. Ivey &c. Co.,* 109 Ga. App. 876, 879 (137 SE2d 528); *Luke v. DuPree,* 158 Ga. 590 (1) (124 SE 13); Code § 105-1401. Since Sheppard's averments do not disclose with certainty that he would not be entitled to recover under any state of facts which could be proved in support of his claim, the motion should have been overruled. *Harper v. DeFreitas,* 117 Ga. App. 236 (1) (160 SE2d 260).

2. The trial court also erred in granting Wilson's "plea of" res judicata and in dismissing the complaint as to him therefor. Wilson offered in support of his "plea" the judgment of this court holding that he should have been dismissed from the action previously brought by Sheppard for breach of contract. Assuming arguendo that it would constitute a bar to this case, without proof of the ultimate disposition in the trial court of that matter there is no final judgment upon which to base a valid claim of res judicata. *McAfee v. Martin,* 211 Ga. 14 (3) (83 SE2d 605).

3. The trial court erred in granting Bernal's motion

to dismiss on the ground of the pendency in the Fulton County Civil Court of Case No. 515664, entitled "O. Nixon Sheppard v. North Fulton Realty and J. H. Wilson." Bernal was neither a party to nor in privity with any party to the aforementioned action, and, therefore, its pendency, if proven, could not operate to abate the present action against her. Code § 3-607; *Cincinnati N. O. & T. P. R. Co. v. Hilley,* 118 Ga. App. 293, 294 (162 SE2d 438). We also note that the trial court erred in treating this motion as one for summary judgment. *Ogden Equip. Co. v. Talmadge Farms,* 232 Ga. 614 (208 SE2d 459).

4. In order to prevail upon her motion for summary judgment, Mrs. Post must present evidence conclusively negating an essential element of Sheppard's cause of action. *Turner v. Noe,* 127 Ga. App. 870, 871 (195 SE2d 463). Since there remain material issues of fact as to the elements of his claim that Post and the other appellees maliciously conspired to cause North Fulton to breach the contract, she failed to carry the burden and it was error for the trial court to sustain her motion.

Post presented no evidence conclusively establishing that North Fulton did not breach the contract it had with appellant and herself. In the affidavit supporting her motion Mrs. Post stated that she would not have entered the contract with North Fulton without Sheppard's agreement to form the partnership with Bernal and herself and manage the branch thereby. Post contended that, therefore, appellant's election to terminate the partnership put an end to the contractual duty owed him by North Fulton under the "co-managers" clause and that North Fulton's placing her in sole control of the branch office could not constitute a breach. However, the written contract with North Fulton made no mention of any such partnership, and thus her parol evidence concerning an agreement to manage the branch via the partnership was inadmissible, as it would vary that contract. Code § 38-501; *Contractors Mgt. Corp. v. McDowell-Kelley, Inc.,* 136 Ga. App. 116, 118 (220 SE2d 473). This rule of admissibility applies on a hearing of the motion for summary judgment. *Wheat v. Montgomery,* 130 Ga. App. 202, 204 (202 SE2d 664).

Post did not conclusively negate that she and the

other appellees had maliciously and successfully conspired to cause a breach. The evidence shows that Post and Sheppard had much disagreement about the branch management, that branch files were locked outside of appellant's access, that the mailbox lock was changed so that appellant's key would no longer fit, that his "multiple listing system" papers were taken from his desk, that Post had meetings with Bernal and with Wilson, and that the disruption culminated on about November 19, 1974, when Post acquired complete control of the branch. After examining the above and other evidence, we find that issues of fact remain as to malice and causation. Finally, questions of fact are left as to whether Post conspired with the others, and the matter of conspiracy has long been recognized to be "solely a question for the jury." *Hodges v. Youmans,* 129 Ga. App. 481 (2) (200 SE2d 157).

*Judgment reversed. Bell, C. J., and McMurray, J., concur.*

ARGUED FEBRUARY 1, 1977 — DECIDED MAY 24, 1977 — REHEARINGS DENIED JUNE 27, 1977 —

*Louis F. McDonald,* for appellant.

*Hansell, Post, Brandon & Dorsey, Jefferson D. Kirby, III, Peek & Whaley, J. Corbett Peek, Jr., James Garland Peek, Sam G. Dettelbach,* for appellees.