55293. CLOVER REALTY COMPANY v. J. L. TODD
AUCTION COMPANY et al.
55370. TODD et al. v. CLOVER REALTY COMPANY.

SMITH, Judge.
Clover Realty Company appeals the trial court's grant of summary judgment to appellees, Cowsert and Todd. As to Cowsert, we affirm the grant. As to Todd, who failed to carry the summary judgment burden of showing conclusively the absence of material issues of fact, we reverse. On the issue made by cross appeal, we affirm the trial court's consideration, on the motion for summary judgment, of a deposition given by Todd in a prior case, between the same parties and concerning the subject matter of the case before us.

Appellant brought this suit seeking recovery on an oral contract for payment of a real estate commission. Appellant also sought recovery for the reasonable value of

services rendered. Appellant further alleged causes of action in fraud and in malicious interference with contractual rights. Construed in a light favorable to appellant, who opposed the motion for summary judgment, the evidence showed that appellant was the procuring cause of a sale of property owned by Gilmer Estates, a corporation organized and controlled, in part, by Todd, and that appellant procured the sale in reliance upon Todd's promise that he personally, as well as the corporation, would be responsible for paying appellant a commission of 10% of the sale price if appellant found a buyer. The evidence also indicated that the sale was satisfactorily consummated as a result of appellant's substantial efforts and that appellant never received the commission.

1. In its brief appellant presents no substantive argument in support of its allegation that it was error for the trial court to grant summary judgment to appellee Cowsert. Thus, the appeal is deemed abandoned insofar as Cowsert is concerned.

2. Todd failed to negate conclusively an element of appellant's cause of action in contract or of appellant's cause of action in quantum meruit. The trial court therefore erred in granting summary judgment to Todd on those claims. *Sheppard v. Post,* 142 Ga. App. 646 (4) (236 SE2d 680) (1977).

Todd argues that he acted always as agent for Gilmer Estates, which alone would be responsible for the payment for services rendered, at least in part, on his behalf. Todd also contends that appellant never procured a willing buyer for the property. However, the evidence, viewed in appellant's favor, indicates that a buyer was obtained and the sale was consummated, to Todd's personal benefit.

3. Todd also failed to negate conclusively an element of appellant's cause of action in fraud, and it was likewise error to grant summary judgment on that claim. The evidence adduced on the motion for summary judgment indicated that Todd made a promise upon which appellant reasonably relied to his detriment, a promise which Todd never intended to perform. That evidence would support recovery in fraud for appellant. *Vaughan v. Oxenborg,* 105

Ga. App. 295 (124 SE2d 436) (1962). Todd's contention to the contrary notwithstanding, that the pleadings may not have sufficiently alleged fraud was not here a legal basis for the grant of summary judgment. CPA § 15(b) (Code Ann. § 81A-115(b)).

4. Finally, neither did Todd prove conclusively that he did not willfully cause Gilmer Estates to breach a commission contract it had made with appellant, and it was error for the trial court to sustain Todd's motion for summary judgment as to that claim. *Sheppard v. Post,* supra; *Luke v. DuPree,* 158 Ga. 590 (124 SE 13) (1924).

5. By cross appeal Todd contends the trial court should not have considered a deposition he had given in a prior action, between the same parties and concerning substantially the same issues, because he was available for deposition in this case. Clover Realty offered the deposition in the court below in opposition to Todd's motion for summary judgment. There is no requirement that Todd need have been unavailable before the court could examine his deposition given in the other action and offered in this action by his adverse party. CPA § 32 (a) (3) (Code Ann. § 81A-132(a) (2)); *Bodrey v. Cape,* 120 Ga. App. 859(1) (172 SE2d 643) (1969); *Goldsmith v. American Food Services,* 123 Ga. App. 353 (1) (181 SE2d 95) (1971).

*Judgment affirmed in part and reversed in part on main appeal. Judgment affirmed on cross appeal. Deen, P. J., and Banke, J., concur.*

ARGUED FEBRUARY 1, 1978 — DECIDED JUNE 15, 1978 — REHEARING DENIED JULY 10, 1978 — ■

*Spearman, Thrasher & Whitley, William Lewis Spearman, Daniel I. MacIntyre,* for appellant (Case no. 55293).

*Duffey & Sawhill, Harl C. Duffey, Jr., Covington, Kilpatrick & Storey, Dean Covington, Clary & Kent, Horace Clary, Jackson B. Harris, A. Ed Lane,* for appellees (Case no. 55293).

*J. Bryant Durham, Jr., Harl C. Duffey, Jr.,* for appellants (Case no. 55370).

*Horace T. Clary, A. Ed Lane, William L. Spearman,*

*Daniel I. MacIntyre,* for appellee (Case no. 55370).