55973. MAULDIN et al. v. LOWE'S OF MACON, INC.

QUILLIAN, Presiding Judge.

This is an appeal by defendants, Mauldin and Mullis, from the grant of a partial summary judgment for the plaintiff — Lowe's of Macon. M & M Realty Management Company, d/b/a Middle Georgia Development Company, a corporation engaged in real estate development, entered into a credit agreement with Lowe's, a seller of building materials, to establish a credit basis to purchase building materials over an extended period of time. Mr. Mauldin and Mr. Mullis are officers and stockholders in Middle Georgia and each submitted letters to Lowe's acknowledging they would personally guarantee Middle Georgia's account at Lowe's.

When the account reached a total around $11,000, Lowe's manager, Mr. Grissom, requested additional collateral to secure the accumulated indebtedness. Mr. Mauldin disputed the exact amount due Lowe's and executed a $10,000 promissory note as president of Middle Georgia, made out to "Arnold Lakey, Credit Manager, Lowe's Company, Inc.," becoming due in six months. Mr. Mauldin also executed a deed to secure debt to "Arnold Lakey, Credit Manager, Lowe's Company, Inc.," on five parcels of land owned by Middle Georgia. When the first note expired after six months, Mr. Mauldin and Mr. Mullis signed another $10,000 note to "Arnold Lakey, Credit Manager, Lowe's Company, Inc."

Lowe's initiated this action on March 17, 1978, against Middle Georgia, and Mr. Mauldin and Mr. Mullis as guarantors, for $6,658.36 claimed due on account, interest at the rate of 1% per month on the unpaid balance—or 12% per annum, and attorney fees. Middle Georgia did not answer. The action became in default and judgment was rendered against it. Mr. Mauldin and Mr. Mullis answered, claiming the interest rate was usurious, and the taking of a note and deed to secure debt from the Middle Georgia corporation had the legal effect of releasing them as guarantors under the principles of

novation "and/or" accord and satisfaction.

Lowe's moved for summary judgment. The court granted partial summary judgment "as a matter of law" against Mauldin and Mullis as to their defenses of usury and novation, but ruled that the defense of accord and satisfaction must be submitted to a jury. Defendants Mauldin and Mullis appeal. *Held:*

1. Defendants contend the trial court erred in granting summary judgment for plaintiff on defendants' defense of usury. We agree. The rate of interest was 1% per month on the unpaid balance remaining due, or 12% per annum. The trial court ruled that "the primary obligor was a corporation, as to which the 1% per month service or finance charge here is not usurious under Ga. Code § 57-118."

Under Code Ann. § 57-118 (Ga. L. 1961, p. 300) any foreign or domestic corporation organized for profit may agree to pay such rate of interest as they desire "on any loan under which the principal balance to be repaid shall originally exceed the sum of $2,500. . ." Pretermitting the issue of whether this statute applies only to a "loan" of money, but also to a revolving charge account for the purchase of goods, there is no evidence in the record that the "balance to be repaid shall originally exceed the sum of $2,500. . ." The only evidence of record as to this issue is contained in the affidavit of defendant Mauldin and he stated: "The principal balance initially owed on account by M & M Realty to Lowe's of Macon, Inc. did not exceed the sum of $2,500.00."

Although the initial sum did not exceed $2,500, ultimately the amount claimed due from cumulative credit purchases amounted to more than $12,000. Code § 57-118 would not apply to this type of credit purchase, for the remaining sections apply to "any series of advances of money pursuant to a loan agreement. . ." There were no advances of money by plaintiffs to defendants.

The movant for summary judgment has the burden of showing the absence of any genuine issue of material fact. *Raven v. Dodd's Auto Sales & Service,* 117 Ga. App. 416 (1) (160 SE2d 633). The trial court rendered judgment under Code § 57-118. There is an issue of fact presented as to whether the initial amount exceeded the minimum

amount necessary to invoke the provisions of the statute, and a further issue as to whether the statute applies at all. The grant of summary judgment to plaintiff based on Code § 57-118 was error.

2. The remaining enumeration of error asserts the trial court erred in granting summary judgment to plaintiff on defendants' defense of novation. We do not agree. Although defendants pleaded novation as a defense, it was based on the grounds that a third party had been substituted in lieu of an original party. This type of novation comes within the parameters of Code § 20-115 which provides in part: ". . . if new parties are introduced by novation, so as to change the person to whom the obligation is due, the original contract is at an end."

On appeal, and apparently at trial also, defendants contend "the taking by appellee of the promissory note and deed to secure debt described above constituted a material change in the initial contract" which relieved them as guarantors. In defendants' answer they alleged that the new promissory note was made to a third party, Mr. Lakey, who was the credit manager for Lowe's of Macon. They have apparently abandoned that theory of novation because it is not raised on appeal and they now contend that "the taking by Appellee [Lowe's] of the promissory note and deed" amounted to a novation as a "material change." This latter theory is based on Code § 103-202, which provides: "Any change in the nature or terms of a contract is called a novation; such novation, without the consent of the surety, discharges him."

Defendants devoted seven pages of their appellate brief to the issue of "consent" as it affects novation. They gave two examples of changes in the promissory note and deed to secure debt which they contend were "material changes." The appellate brief did not argue that substitution of parties constituted novation. Further, the trial court recited in his order on the motion for summary judgment that "defendants rely upon Code Sections 103-202 and 203." Accordingly, we will consider novation, as pleaded in the answer, based upon change of parties under Code § 20-115, as abandoned, and consider novation only in the context argued at trial and in the appellate brief, i.e., as set forth in Code § 103-202. No

issue has been raised as to whether defendants were authorized to change the type of novation asserted in their answer to that asserted at trial.

The trial court found that "defendants cannot complain that the taking of the notes and deed to secure debt by plaintiff was 'without their consent' . . . since it is factually undisputed that the guarantors themselves, as corporate officers, signed the legal documents which effectuated the giving of security." We agree.

Although Mr. Mauldin was the only defendant to sign the first note and deed to secure debt, which defendants now assert as the basis for a novation, both defendants, Mauldin and Mullis, signed the second note which was a renewal of the first note. One who consents to a novation is not discharged as a guarantor or surety. Code § 103-202. And where notes are accepted by a creditor as security and are signed by the surety they are not " 'without the consent of the surety' as contemplated by Code § 103-202." *Jackson v. College Park Supply Co.,* 140 Ga. App. 134 (2) (230 SE2d 329).

Even if Mr. Mullis contends that he did not sign the original note and deed to secure debt which defendants argue established a novation, Mr. Mullis did sign the second note which renewed the earlier note. His consent to the last note ratified the earlier acts. See generally 72 CJS 601, 607, Principal & Surety, § 124 (e). Accordingly, even if there existed a material change which amounted to a novation, both defendants consented to the change. The court did not err in granting summary judgment for plaintiff as to novation.

*Judgment affirmed in part and reversed in part. Webb and McMurray, JJ., concur.*

Submitted June 7, 1978 — Decided July 3, 1978.

*Mullis, Reynolds, Marshall & Horne, Lorraine L. Andrews,* for appellants.

*Jones, Cork, Miller & Benton, Hubert C. Lovein, Jr.,* for appellee.