## 58896. UNITED STATES FIDELITY & GUARANTY COMPANY v. BLANKENSHIP PLUMBING COMPANY et al.

BANKE, Judge.

This suit arose out of the construction of a housing project which appellant, USF&G, was required to complete, as surety for the defaulting prime contractor. Blankenship Plumbing Company, appellee and plaintiff below, sued appellant to recover for labor and materials supplied as a subcontractor on the project. Appellant counterclaimed for breach of contract and also filed a third-party complaint against Marion Wallace, a 30 percent shareholder of Brasington Contracting Company, who had allegedly agreed to indemnify appellant against such claims under the Master Surety Agreement. After a lengthy trial, the jury found for the appellee sub-contractor in the amount of $24,597.50 and against appellant, USF&G, on its counterclaim. The jury found in favor of appellant on the third-party claim; however, the trial court entered judgment notwithstanding the verdict in favor of the third-party defendant. Among other things, appellant complains on appeal that appellee failed to prove its damages with reasonable certainty. *Held:*

1. The evidence in support of the appellee's claim for damages consists primarily of the testimony of its president. He began his calculations with the original contract price and made allowance for several change orders. From this figure he made deductions for the

following: Payments received; credit for materials purchased but not used, including a 15 percent markup; labor and materials for corrections to completed work; and materials needed to complete the project. This evidence conflicted in some respects with evidence presented by appellant's witnesses, particularly concerning the cost of corrective work needed to be done. However, the evidence was sufficient to support the jury's verdict. The formula used here was approved by this court in *Crankshaw v. Stanley Homes, Inc.,* 131 Ga. App. 840 (207 SE2d 241) (1974).

2. The Master Surety Agreement on which the appellant based its third-party complaint called for Brasington, Inc., along with Paul Brasington and Marion Wallace as individuals, to indemnify appellant should it incur any loss on its bond. The trial court's entry of judgment for Wallace notwithstanding the jury's verdict was based on a finding that there was a lack of consideration for the execution of the agreement. A payment and performance bond underwriting Brasington's work on the housing project was already in existence prior to his signing of the Master Surety Agreement. It is suggested by appellant that by entering into the agreement, Brasington, Inc., partially owned by Wallace, received a benefit because it increased its "bonding capacity" for future contracts requiring bonds. While such reasoning may indeed have prompted Wallace to sign the agreement, it is clear that no benefit was received from the appellant nor was any obligation created on the latter's part. A surety contract, as any contract, must be supported by consideration to be enforceable. See *C. & S. Nat. Bank v. Williams,* 147 Ga. App. 205 (4) (249 SE2d 289) (1978). As with a directed verdict, a motion for judgment notwithstanding the verdict is proper only where "there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict." Code Ann. § 81A-150 (a). *State Farm Mut. Auto Ins. Co. v. Snyder,* 125 Ga. App. 352 (187 SE2d 878) (1972); *Canal Ins. Co. v. Tate,* 111 Ga. App. 377, 386 (141 SE2d 851) (1965). Absent the necessary consideration, the agreement is a nudum

pactum. The trial court correctly entered judgment for the third-party defendant.

3. Appellee seeks damages for a frivolous appeal. "When a motion for damages is filed, we will carefully examine the record and will pass upon the motion in the light of the entire history of the case as there presented. If after reviewing the whole matter we believe that the plaintiff in error is presenting a bona fide contest over a colorable matter, though his view of the law may not in fact be well founded, or that he is seeking a ruling upon an open or doubtful question, damages will be refused." *Prattes v. Southeast Ceramics, Inc.,* 132 Ga. App. 584, 586 (208 SE2d 600) (1974). We find a bona fide contest and thus deny the motion for damages.

4. Appellant's other enumerations of error based on general grounds have been considered and are without merit.

*Judgment affirmed. Quillian, P. J., and McMurray, P. J., concur.*

ARGUED OCTOBER 31, 1979 — DECIDED JANUARY 8, 1980 — REHEARING DENIED FEBRUARY 7, 1980 — 

*Michael A. Kessler, C. James Jessee, Jr., John W. Denney,* for appellant.

*Danny L. Dupree, John P. Partin,* for appellees.

Paul Brasington, *pro se.*