## 61840. CARTWRIGHT et al. v. MACON RUBBER COMPANY, INC.

BIRDSONG, Judge.

Open Account. Marion L. Cartwright d/b/a Brake Pro Brake Center entered into a business open account with Macon Rubber Co., Inc. purchasing auto tires, wheels, mufflers and related equipment and supplies. Over approximately a one-year period, Cartwright purchased about $100,000 worth of material from Macon Rubber. Ultimately Cartwright became delinquent in payment of the open account and suit was filed by Macon Rubber to recover on the outstanding balance in the amount of $25,233.68. A pretrial conference was held and a transcript of the conference is a part of the record. It appears from that conference that Cartwright initially filed a counterclaim in addition to his denial of the amount of the indebtedness. At the pretrial conference it became clear that Cartwright's counterclaim principally pertained to certain advertising costs with a separate corporation named Marco. While Marco (Macon Rubber Company) was associated with the appellee, it was not disputed that Marco is a separate corporation. Counsel for Cartwright then modified his counterclaim and sought a set-off against Macon Rubber showing by evidence reputed failures by Macon Rubber to give credit for improperly shipped merchandise, failure to give proper discounts, improper shipping charges as well as certain advertising costs which were not properly credited either to Marco or to Cartwright's account with Macon Rubber. No formal pretrial order was ever issued by the court, but the pretrial transcript clearly shows that Cartwright expressly determined not to pursue his counterclaim against Marco in his set-off claims against Macon Rubber and agreed to make assiduous efforts not to bring that matter into the case except insofar as the advertising costs were collected by Macon Rubber and not credited either to Marco or Cartwright's open account. Following a full development of the case both by Macon Rubber and Cartwright and a full explanation of the legal principles involved by the charge of the court, the jury returned a verdict in favor of Macon Rubber for the full amount of its claim. Cartwright brings this appeal enumerating three alleged errors.

In all three of his enumerations, appellant argues that the trial court erred in refusing to allow him to develop in the record or to allow

any references concerning the advertising costs in its contract with Marco. The first enumeration complains that the trial court erred in refusing to allow counsel for Cartwright to state in his opening remarks to the jury anything concerning the Marco payments. The second enumeration continues the first, contending that the trial court at particular points in the presentation of Cartwright's evidence of set-offs erroneously refused evidence of the Marco advertising costs. In the last enumeration, the argument is simply that because of the first two enumerated errors, the trial court erred in denying Cartwright's motion for new trial. *Held:*

1. In the first pretrial conference, Cartwright clearly abandoned any claim as against Macon Rubber concerning the advertising costs paid to Marco. Further in colloquy between Cartwright's counsel and the trial court, counsel in open court repeatedly agreed that the Marco issue was not going to be pursued, and stated that such evidence was not a part of the case under trial but would constitute a separate cause of action against Marco. Where there has been an abandonment of a claim, the party abandoning the claim will not be permitted to introduce evidence with respect to such a claim. *Grizzle v. Federal Land Bank,* 145 Ga. App. 385, 389 (244 SE2d 362); *Langston v. Maryland Cas. Co.,* 43 Ga. App. 854 (160 SE 823). Moreover, we have examined the several references to the transcript made in appellant's brief complaining that the trial court refused all evidence pertaining to the advertising costs and find that the trial court did not exclude all such evidence. Pursuant to appellant's abandonment of that portion of his claim of advertising costs paid to Marco, the trial court would not allow any evidence of money collected by Macon Rubber and paid to Marco but did allow Cartwright to develop fully evidence of payments made to Macon Rubber for advertising costs but which were ostensibly not paid over to Marco or credited to Cartwright's open account balance. It follows that the trial court allowed all relevant evidence to any potential claims for set-off against Macon Rubber dealing with advertising costs and excluded any irrelevant evidence pertaining to an entirely different lawsuit, evidence as to which appellant had already abandoned in relation to the suit then under trial. We find no merit in either of these first enumerations.

2. In his last enumeration, appellant's whole argument as to denial of his motion for new trial is summed up in the one sentence: "Thus the trial court erred in refusing to allow the evidence in and such error was harmful and the trial court should have granted Appellant's Motion for New Trial."

This enumeration thus contains nothing more than a recitation of an alleged error and is not supported by citation of authority or by

even the vestige of an argument. This enumeration therefore must be treated as abandoned. *O'Neal v. Haverty Furniture Co.,* 138 Ga. App. 346 (226 SE2d 141). Even if we were to consider the enumeration as being before the court, it would have no merit for the reasons stated in the first division of this opinion.

*Judgment affirmed. Shulman, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 14, 1981 —
REHEARING DENIED
OCTOBER 13, 1981 ▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*B. Andrew Prince,* for appellants.
*Bruce M. Hofstadter,* for appellee.