## 65815. GOLD KIST, INC. v. McNAIR.

BANKE, Judge.

The plaintiff, Gold Kist, Inc., sued to recover sums allegedly due on an open account for supplies furnished to the defendant, who was in the hog raising business. The defendant's answer raised the defense of usury and also asserted a counterclaim for the usurious charges allegedly paid. On cross motions for summary judgment, the trial court found that the plaintiff had charged usurious interest rates and ruled that all interest must consequently be forfeited pursuant to OCGA § 7-4-10 (former Code Ann. § 57-112). Since the amount of interest which had been charged exceeded the amount allegedly due on the account, the trial court entered summary judgment for the defendant in the amount of $7,061.75.

From the evidence of record, it appears that the defendant had two accounts with the plaintiff, one in the name of W. Hamil McNair, opened in 1976, and the other in the name of McNair Hog Farm, opened in 1979. The defendant was individually responsible for all amounts due on both accounts. He executed an "Open Account Payment Agreement" which provided for finance charges at the rate

of 1-1/2 percent on the balance due on the accounts each month, and his payments included interest at this rate. The trial court found that the parties treated the two accounts as one and that the total amount by which the interest payments on both accounts exceeded the amount sought by the plaintiff was $17,537.06. However, he concluded that only $7,061.75 could be recovered by the defendant, as the remainder was barred by the 1-year statute of limitation. OCGA § 7-4-10 (former Code Ann. § 57-115). The plaintiff appeals the denial of its motion for summary judgment as well as the grant of summary judgment for the defendant. *Held:*

1. As noted by the plaintiff in its brief, the open account payment agreement involved here is in the form set forth in The Retail Installment and Home Solicitation Sales Act (OCGA § 10-1-1 et seq. (Code Ann. § 96-901 et seq.)), which, at the time of the agreement's execution, allowed interest to be charged at the rate of 1-1/2 percent per month on revolving accounts. See former Code Ann. § 96-904 (b). However, the charges authorized by this statute apply only to purchases for personal, family, or household use. OCGA § 10-1-2 (former Code Ann. § 96-902) (Ga. L. 1967, pp. 659, 660). Rates of interest on commercial accounts, such as that in the case before us, are governed by OCGA § 7-4-16 (former Code Ann. § 57-111). Thus, the trial court properly found that the charges of 1-1/2 percent on the unpaid balance were not authorized by the Retail Installment and Home Solicitation Sales Act.

2. Plaintiff next contends that the finance charges were permissible under the provisions of OCGA § 7-4-18 (former Code Ann. § 57-118). However, that statute by its terms applies only to loans of money and is inapplicable to credit purchases. See *Mauldin v. Lowe's of Macon, Inc.,* 146 Ga. App. 539 (1) (246 SE2d 726) (1978).

3. Former Code Ann. § 57-111 (OCGA § 7-4-16) was amended, effective March 20, 1980, to permit interest of 1-1/2 percent per month on that portion of a commercial account which has been due and payable for 30 days or more. (Ga. L. 1980, p. 514.) The trial court's judgment for the defendant included forfeiture of charges incurred on purchases made after the statute was amended, based on his determination that "where the original transaction was usurious ... a subsequent change in the law will not change the usurious character of the transaction." However, this rule applies only to renewals of an originally usurious transaction. See *Reconstruction Fin. Corp. v. Puckett,* 181 Ga. 288 (181 SE 861) (1935). It is not applicable where separate purchases are made on an open account, resulting in an entirely new indebtedness. Cf. *Thomas v. Estes,* 139 Ga. App. 738 (229 SE2d 538) (1976). Thus, the award of summary judgment for the defendant is affirmed with direction that it be reduced by the amount

of the interest lawfully charged on purchases made after the effective date of the statutory amendment, i.e., March 20, 1980. Denial of summary judgment for the plaintiff is affirmed.

*Judgment affirmed with direction. Deen, P. J., concurs. Carley, J., concurs in the judgment only.*

DECIDED MARCH 11, 1983 —
REHEARINGS DENIED MARCH 21 and 29, 1983 —

*Jay D. Bennett, Hewitt H. Covington, G. Conley Ingram,* for appellant.

*Frank C. Vann,* for appellee.