## 66611. McFARLAND v. HODGE HOMEBUILDERS, INC.

SHULMAN, Chief Judge.

Appellee and another (not a party to this appeal) brought suit against appellant, alleging fraud with regard to repairs made by appellant on an automobile owned by appellee. In an amendment, appellee alleged breach of contract on the part of appellant. The case proceeded to trial, where a jury awarded appellee $4,000 damages on the fraud claim and found for appellant on the contractual issue. This appeal stems from the judgment entered on that jury verdict.

1. Appellant enumerates as error the denial of his motion for continuance on the ground that he was unprepared to defend the breach of contract claim contained in the amendment to the complaint. However, the transcript reflects that appellant neither moved for a continuance on this ground nor made the requisite statutory showing for such a continuance. See OCGA § 9-10-158 (Code Ann. § 81-1409). Furthermore, we note that appellant cannot show any harm he suffered from the denial of his motion since the jury found for him on the contractual issue. The enumerated error is without merit. See *Peppers v. Siefferman,* 153 Ga. App. 206 (1) (265 SE2d 26).

2. Most of the remaining enumerated errors which are argued by appellant concern the alleged failure of appellee to establish privity of contract between itself and appellant. As we noted in Division 1, since the jury found for appellant on the breach of contract question, he cannot have suffered harm from any error that might have been committed which affected the jury's verdict with regard to this count. Therefore, we will not consider these enumerated errors further.

3. Appellee presented evidence that appellant had represented that the car would be like a new one when he completed the repairs; that appellant had agreed to replace certain auto parts but, in fact, had partially replaced them or not replaced them at all; and that some damage had not been repaired or had been repaired improperly. This evidence was sufficient to withstand appellant's motions for a directed verdict and judgment notwithstanding the verdict on the fraud allegation, and the trial court did not err in so denying appellant's motions. OCGA § 9-11-50 (a), (b) (Code Ann. § 81A-150).

4. In his brief, appellant presents no substantive argument to support his allegations that the trial court erroneously excluded evidence of automobile ownership. Therefore, the enumerated errors are treated as abandoned. *Cartwright v. Macon Rubber Co.,* 159 Ga. App. 904 (2) (285 SE2d 554); *Clover Realty Co. v. J. L. Todd Auction Co.,* 146 Ga. App. 576 (1) (246 SE2d 695).

5. The remaining enumerated errors are deemed abandoned for failure to provide argument or citation of authority in support thereof. Court of Appeals Rule 15 (c)(2).

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED OCTOBER 11, 1983 —
REHEARING DENIED NOVEMBER 3, 1983 —

*W. Barry Williams,* for appellant.
*Daniel J. Craig,* for appellee.