73579. ALL RISK INSURANCE AGENCY, INC. v. SOUTHERN BELL TELEPHONE & TELEGRAPH COMPANY.
(355 SE2d 465)

BENHAM, Judge.
Appellee Southern Bell Telephone & Telegraph Co. ("Southern

Bell") filed a suit on account against appellee All Risk Insurance Agency, Inc. ("All Risk"), seeking payment of an unpaid bill for advertising in Southern Bell's Yellow Pages directory. Appellant brings this appeal from the judgment entered on the jury verdict rendered in favor of Southern Bell.

1. Southern Bell presented evidence concerning outstanding bills for appellant's advertisement in the 1981-82 and 1982-83 directories, and an outstanding bill for an ad placed by Peach State Insurance Company. Appellant claims it was entitled to a directed verdict or judgment notwithstanding the verdict on the Peach State and 1981-82 directory claims. A directed verdict or a j.n.o.v. is appropriate "[i]f there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict . . ." OCGA § 9-11-50 (a); *U. S. Fidelity & Guaranty Co. v. Blankenship &c. Co.*, 153 Ga. App. 335 (265 SE2d 66) (1980). Appellant maintains there was no evidence presented to hold it responsible for the Peach State ad or the 1981-82 directory ad, and additionally, that Southern Bell's pleadings did not contain an allegation concerning the 1981-82 ad.

Although Southern Bell's complaint did not seek recovery of the 1981-82 debt, issues tried by the express or implied consent of the parties shall be treated as if raised in the pleadings. OCGA § 9-11-15 (b). "Implied consent usually is found . . . where evidence is introduced without objection." *McDonough Constr. Co. v. McLendon Elec. Co.*, 242 Ga. 510, 514 (250 SE2d 424) (1978). At trial, the Southern Bell employee in charge of Yellow Pages' credit and collections in Georgia testified as to the total amount due on appellant's account, and identified the three debts, including the unpaid portion of the 1981-82 directory debt, which comprised the total amount due. Appellant voiced no objection to this testimony. Appellant's president, Lewis Johnson, acknowledged appellant had placed an ad in the 1981-82 directory and testified that he did not pay the balance (33 days) of the 1981-82 bill because of the problems he was having with Southern Bell over the 1982-83 bill.

The testimony concerning the Peach State ad showed that Peach State had gone out of business and it had been requested that the telephone calls made to its advertised number be referred to All Risk's telephone number. A Southern Bell employee testified that he informed Mr. Johnson in October 1982 that it was company policy to bill the entity deriving the benefit from an ad, i.e., the number to which the calls were referred, for the ad. The Southern Bell representative advised Mr. Johnson that future charges for the Peach State ad could be avoided by requesting an end to the referral. There was no evidence that, armed with this knowledge, Mr. Johnson sought to end the referral. Mr. Johnson also testified that he, acting on behalf of All

Risk, entered into an agreement to purchase Peach State Insurance Company. Mr. Johnson stated that All Risk purchased "a few select accounts" from Peach State. Inasmuch as the evidence and the inferences drawn therefrom were sufficient to withstand appellant's motions for directed verdict and j.n.o.v., the trial court did not err in denying the motions. *McFarland v. Hodge Homebuilders*, 168 Ga. App. 733 (3) (309 SE2d 853) (1983).

2. The jury returned a verdict in favor of Southern Bell "in the amount of $10,735.86 plus legal interest." The trial court ordered entry of a judgment for $10,735.86 plus prejudgment interest at a rate of 18%. Appellant maintains that prejudgment interest cannot be awarded on a quantum meruit recovery, and that interest at a rate of 18% violates the Retail Installment and Home Solicitation Sales Act, OCGA § 10-1-1 et seq.

Interest at a rate of 18% per year on a commercial account is authorized by OCGA § 7-4-16. Contrary to appellant's assertion, appellant's account with Southern Bell did not constitute a retail installment transaction under OCGA § 10-1-2 (a) (10). See *Gold Kist v. McNair*, 166 Ga. App. 66 (1) (303 SE2d 290) (1983). Furthermore, there is no evidence that the jury returned a verdict based upon a theory of quantum meruit. Although the amount of damages awarded Southern Bell did not equal the amount appellee sought under its contractual theory of recovery, we will not speculate as to how the jury came to its decision. See *Barlow v. Veber*, 169 Ga. App. 65 (3) (311 SE2d 501) (1983). We do note, however, that credence is given to the conclusion that the jury found for appellee on a contractual basis by the facts that the jury was told it could award legal interest for breach of contract and it awarded legal interest, and a general jury verdict form was used without objection. See *Skelton v. Skelton*, 251 Ga. 631 (6) (308 SE2d 838) (1983); *Steinemann v. Vaughn & Co.*, 169 Ga. App. 573, 579 (313 SE2d 701) (1984).

3. Appellant next argues that the trial court erred by including in its charge an instruction to disregard the testimony of a witness who had wilfully and knowingly sworn falsely. See OCGA § 24-9-85 (b). Appellee maintains that conflicts in the testimony of Mr. Johnson and various Southern Bell employees required the jury to consider whether a witness was intentionally testifying falsely.

"In order to make [OCGA § 24-9-85 (b)] applicable, 'it must appear, among other things, that the witness admits, on the trial, that he wilfully and knowingly swore falsely, or the testimony must be such as to render the purpose to falsify manifest.' [Cit.] 'Under this rule . . . it has several times been held, that if a witness swears at the trial to a certain state of facts *in a material matter*, and he has previously sworn to the contrary in the same case, and where he admits that his testimony was false, this constitutes a wilful and knowing

false swearing, and requires the jury to reject his testimony entirely, unless it be "corroborated by circumstances or other unimpeached evidence" ' " *Hill v. State*, 159 Ga. App. 489 (2) (283 SE2d 703) (1981). See also *Cargill v. State*, 255 Ga. 616 (30 (b)) (340 SE2d 891) (1986); *Smaha v. George*, 195 Ga. 412 (3) (24 SE2d 385) (1943); *McLendon v. Johnson*, 71 Ga. App. 424 (3) (31 SE2d 89) (1944). Inasmuch as the requisite evidence to support a charge on wilful and false swearing was not present in the case at bar, the trial court erred by instructing the jury on the topic.

4. The harm resulting from the inclusion of the wilful and false swearing instruction in the charge was exacerbated by an improper attack upon the character of Mr. Johnson, appellant's sole witness. While cross-examining Mr. Johnson, counsel for appellee asked the witness about a certain newspaper article concerning the witness, and identified the article as one about a "pyramid scheme." Appellant's counsel then moved for a mistrial outside the presence of the jury, contending Southern Bell had injected character evidence into the trial. The trial court denied the motion and cautioned appellee's counsel. Appellant now argues that the trial court erred in failing to grant a mistrial or strike the evidence and rebuke appellee's counsel. See OCGA § 9-10-185.

The trial court is vested with broad discretion in determining whether to grant a mistrial, and its ruling will not be disturbed on appeal unless a manifest abuse of discretion is apparent. *Walker v. Bishop*, 169 Ga. App. 236 (8) (312 SE2d 349) (1983). No such abuse of discretion being apparent, we will not disturb the denial of the motion for mistrial. However, the trial court neither rebuked counsel in the presence of the jury nor endeavored to remove the improper impression left by the reference to a pyramid scheme from the minds of the jurors. The absence of either corrective action flies in the face of the mandatory language of OCGA § 9-10-185, and is error. Compare *Ward v. State*, 252 Ga. 85 (2) (311 SE2d 449) (1984); *Counts v. Moorehead*, 232 Ga. 220 (1) (206 SE2d 40) (1974); *Smith v. Westbrook*, 133 Ga. App. 791 (2a) (213 SE2d 51) (1975). The reference to Mr. Johnson's involvement in a pyramid scheme and the charge on wilful and false swearing had the effect of robbing appellant's sole witness of his character, and permitted the jury to disregard entirely his testimony. The result could be nothing but harmful to appellant and accordingly, we must reverse.

5. Appellant next contends reversible error was committed when the trial court, citing OCGA § 24-5-26, admitted into evidence a photocopy of the advertising sales order contract for All Risk for the 1982-83 directory. The maker of the original testified that the exhibit was a photocopy of the original. Photostatic copies are ordinarily secondary evidence, which may not be admitted over objection without

properly accounting for the original. Photostatic reproductions made in the regular course of business for purposes of permanent preservation may be used without accounting for the original under OCGA § 24-5-26. *State v. Mincey*, 167 Ga. App. 850 (1) (308 SE2d 18) (1983). However, where, as here, the party offering the evidence makes no attempt to establish that the photocopy was made in the regular course of business and fails to properly account for the absence of the original, it is error to admit the photocopy. Id.

6. Appellant argues that testimony allegedly concerning an offer to compromise was improperly admitted. Even if we were to view the testimony as an offer to compromise (but see *U-Haul Co. of Western Ga. v. Ford*, 171 Ga. App. 744 (2) (320 SE2d 868) (1984)), appellant's failure to object to the earlier testimony on the subject vitiates his attempt to do so now.

7. Finally, appellant contends that the instruction given on quantum meruit was improper because it did not state that the reasonable value of the service is the reasonable value to the recipient. The charge given was deficient in that it did not say that value was to be computed from the recipient's standpoint and not according to expenditures of the provider. See *Stowers v. Hall*, 159 Ga. App. 501 (3) (283 SE2d 714) (1981).

*Judgment reversed. Deen, P. J., and Beasley, J., concur.*

DECIDED MARCH 17, 1987.

*Glenville Haldi*, for appellant.
*Jay L. Strongwater, Daniel M. Klein*, for appellee.