A89A1997. MITCHELL v. SOUTHERN GENERAL INSURANCE COMPANY.
(390 SE2d 79)

SOGNIER, Judge.

Southern General Insurance Company sought a declaration of its obligations under an insurance policy it issued Kenneth Daniels in regard to personal injury suits brought against Daniels by Leroy Mitchell. Only Mitchell was served. The trial court later allowed Southern General to add Celestine Burse (the plaintiff in another personal injury suit filed against Daniels) as a party defendant, but she did not participate at trial and default judgment was entered against her. Based upon the jury's response to the interrogatory submitted to it, the trial court entered judgment in favor of Southern General, and Mitchell appeals.

Appellee insured Kenneth Daniels' Chevrolet. Appellant owned a Mustang which was not insured. Daniels, who is appellant's brother-in-law, was driving the Mustang with appellant as the passenger when the Mustang was involved in an accident with Celestine Burse's vehicle.

1. Appellant contends the trial court erred by admitting appellant's deposition testimony, which appellee used when appellant was not present for purposes of cross-examination. The record reveals

that the deposition was taken as part of discovery in two suits appellant had filed against appellee in Cobb County in 1986, in which appellant sought to recover personal injury protection benefits from appellee under the policy appellee issued Daniels as a result of the same accident in issue here. Exhibits in the record of the case sub judice reflect that summary judgment was granted to appellee in both suits.

Appellant argues that because the deposition was taken in a prior action, appellee was obligated to prove he was unavailable before using his deposition. We do not agree. The parties in the former action were the same as those parties actively involved in the case sub judice (Daniels having not been served and Burse being in default), and the former suit clearly concerned substantially the same issues. Thus, "[t]here [was] no requirement that [appellant] need have been unavailable before the court could examine his deposition given in the other action and offered in this action by his adverse party. [Cits.]" *Clover Realty Co. v. J. L. Todd &c. Co.*, 146 Ga. App. 576, 578 (5) (246 SE2d 695) (1978). We find no merit in appellant's argument that the termination of the earlier suits in summary judgment does not constitute "dismissal" under OCGA § 9-11-32 (a) (5). However, we note that federal courts construing Rule 32 (a) of the Federal Rules of Civil Procedure prior to its amendment (when it was almost identical to this State's statute, see *Head v. H. J. Russell Constr. Co.*, 152 Ga. App. 864, 865 (264 SE2d 313) (1980)) held that dismissal of the prior action was not required, see *Weyerhaeuser Co. v. Gershman*, 324 F2d 163, 164 (2nd Cir. 1963); *Batelli v. Kagan & Gaines Co.*, 236 F2d 167, 169 (9th Cir. 1956); Wright & Miller, Federal Practice & Procedure: Civil § 2150, a position on which this court has intimated its approval. *Guillebeau v. Jenkins*, 182 Ga. App. 225, 230 (355 SE2d 453) (1987). Although appellant alleges other grounds why the admission of this deposition was error, the transcript reveals that these arguments were not raised below, and "[i]t is well established law that enumerations of error which raise questions for the first time on appeal present nothing for decision." (Citations and punctuation omitted.) *State of Ga. v. Stuckey Health Care*, 189 Ga. App. 126, 129 (4) (375 SE2d 235) (1988).

2. Appellant contends the trial court erred by allowing appellee to read to the jury four paragraphs of its complaint. The record fails to support appellant's argument that there is any discrepancy between the relevant paragraphs in appellee's original complaint and that complaint as subsequently amended. Further, the record reveals that appellant's responses to these paragraphs, which appellee's counsel read to the jury, were derived not from appellant's January 31, 1989 answer to the amended complaint but from appellant's April 4, 1989 *amended* answer to the amended complaint. Thus, the record does not support appellant's argument that those answers introduced

into evidence by appellee's counsel had been withdrawn. Appellant's pleadings therefore were admissible at trial pursuant to OCGA § 24-3-30, and we find no merit in appellant's arguments to the contrary.

3. Appellant contends the trial court erred by denying his motion for directed verdict on his claim that appellee's declaratory judgment action should be dismissed because there was no uncertainty to justify the action under OCGA § 9-4-1 et seq. However, while appellant raised numerous specific matters on his motion for directed verdict, the subject matter of this enumeration was not presented to the trial court. "A motion for a directed verdict shall state the specific grounds therefor." OCGA § 9-11-50 (a). "A ground not mentioned in a motion for directed verdict cannot thereafter be raised on appeal. In the case sub judice, [appellant] failed to raise this issue in [his] motions for directed verdicts brought after the close of [appellee's] case and at the close of evidence. Consequently, this enumeration of error presents nothing for appellate review. The function of the requirement that the specific grounds be stated is to assure that the trial court has an adequate basis for its decision." (Citations and punctuation omitted.) *Leader Nat. Ins. Co. v. Kemp & Son*, 189 Ga. App. 115, 116-117 (1) (375 SE2d 231) (1988).

4. Appellee's counsel having stated during trial that appellee abandoned any issue raised by Section V (c) (1) of the policy, the trial court's refusal to grant appellant a directed verdict on that issue could not have harmed appellant. "To warrant reversal, alleged error must be harmful. [Cit.]" *Black & White Constr. Co. v. Bolden Contractors*, 187 Ga. App. 805, 806 (1) (371 SE2d 421) (1988).

5. Appellant contends the trial court erred by denying his motion for directed verdict made on the basis that appellee's insured was using appellant's vehicle as a "temporary substitute automobile," which would require appellee to provide coverage under Section IV (a) (3) of the policy. " 'A verdict shall be directed where there is no conflict in the evidence as to any material issue, and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict. OCGA § 9-11-50 (a). "The standard of appellate review of the trial court's denial of a motion for a directed verdict is the 'any evidence' standard. (Cit.)" (Cit.)' [Cit.]" *Kirkland v. Southern Discount Co.*, 187 Ga. App. 453, 454 (2) (370 SE2d 640) (1988). Evidence was adduced at trial that Daniels, appellee's insured, was driving appellant's car because Daniels "wanted to go for the ride" and wanted "to show his wife that he could drive a Mustang . . . stick shift." No direct evidence was presented at trial regarding the status of Daniels' insured vehicle. Thus, there was some evidence that Daniels was driving appellant's car purely for his own personal pleasure rather than as a temporary substitute vehicle, and the trial court did not err by denying appellant's motion for a directed verdict on this issue. See gen-

erally *Beacon Engineering Co. v. Reece*, 186 Ga. App. 64, 65 (2) (366 SE2d 694) (1988).

6. Contrary to appellant's contention, a review of appellant's deposition testimony adduced at trial and the properly admitted responses in appellant's answer to the allegations in appellee's complaint reveals ample evidence from which the jury could have found that appellant and Daniels were members of the same household residing together. Although appellant refers to a response in his deposition in which, when asked who lived with him, he stated "[m]y mom. Brother. Sister," in the following question when asked the names of these people, appellant included both Daniels' wife (appellant's sister) and Daniels. While there was evidence from which the jury might have concluded Daniels and his wife were not members of the same household as appellant, the evidence did not demand such a finding. Inasmuch as the evidence and the inferences drawn therefrom were sufficient to withstand appellant's motion for directed verdict, the trial court did not err by denying the motion. See generally *All Risk Ins. Agency v. Southern Bell Tel. &c. Co.*, 182 Ga. App. 190, 192 (1) (355 SE2d 465) (1987).

7. In his seventh enumeration, in which he contends the trial court erred by failing to give the jury ten requested charges, appellant sets forth what the requested charges contained but provides no argument or citation of authority as to why the trial court's failure to give these charges was error. We are thus compelled to treat the enumerated error as abandoned. Court of Appeals Rule 15 (c) (2); *Banta v. Quik-Thrift Food Stores*, 187 Ga. App. 250-251 (1) (370 SE2d 3) (1988).

8. In his final two enumerations of error, appellant challenges the special interrogatory given the jury on the basis that the trial court failed to submit all questions of fact to the jury. However, while appellant objected at trial to the special verdict the trial court submitted to the jury on the basis the trial court failed to include a question on the "temporary substitute vehicle" issue, appellant does not raise that issue now but instead asserts issues not included in his objection below. OCGA § 9-11-49 (a) provides that "[t]he court shall give to the jury such explanation and instruction concerning the matter thus submitted [by special verdict] as may be necessary to enable the jury to make its findings upon each issue. If in so doing the court omits any issue of fact raised by the pleadings or by the evidence, *each party waives his right to a trial by jury of the issues so omitted* unless before the jury retires he demands its submission to the jury. As to an issue omitted without such demand, the court may make a finding; or, if it fails to do so, it shall be deemed to have made a finding in accordance with the judgment on the special verdict." (Emphasis supplied.) Appellant failed to make a specific and timely objection and

thus waived any error in this matter. See *Frostgate Warehouses v. Cole*, 244 Ga. 782, 783 (262 SE2d 98) (1979).

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED JANUARY 2, 1990 —
REHEARING DENIED JANUARY 12, 1990 —

*George P. Graves*, for appellant.

*Sharon C. Barnes, Richard D. Hall, Freeman & Hawkins, Michael J. Goldman, Ralph E. Hughes*, for appellee.